Gaines, Associate Justice.
Appellant, Susan M. Ragsdale joined by her husband, and her sister Fannie Fletcher brought this suit to recover of appellee, each, an undivided one-sixth interest in a lot situate in the city of Bonham, which was of the community estate of their father and mother. The mother died in April, 1863, and in August of the same year the father sold the lot in controversy, the vendee going into immediate possession. The property has been held adversely by appellee and those under whom she claims from the time of the sale, down to the bringing of this suit in 1885. Appellant, Susan Ragsdale, was a minor at the time of her mothers death, and so continued until 1868, when she intermarried with her present husband.
The judge below to whom the cause was submitted without a jury, concluded as a matter of law from the foregoing facts, that appellant Susan was barred by the statute of limitations and gave judgment against her. This conclusion is assigned as error, and presents the only question in the case.
It is clear, that if there had been no suspension of the operation of the statute of limitation, it would have commenced to run against her upon her marriage in 1868, and she would have been barred long before the institution of this suit. But it is contended that, because the constitution of 1869, provided that the statute should be suspended from the twenty-eighth of January, 1861, until the acceptance of that constitution by Congress; therefore, there was no law of limitation in force at the time of appellant’s marriage, and hence that when the suspension ceased, the disability of coverture also attached and protected her against the bar of the statute. But in this view we do not concur. In the first place, it is to be borne in mind that during the year 1868 the laws of limitation were in full force (sec. 6 of ordinance 11 of 1866, Sayles’s Constitutions, 343); and that upon appellant’s marriage the statute began to run against her. (White v. Latimer, 12 Texas, 62.) The object of the pro *508 vision of the' Constitution of 1869, was merely to prevent the suspended period from being taken into account in the computation of the time required by the statute to bar an action, and was not to restore a disability that had already been removed. There is nothing in the language to indicate this latter intention, nor does the spirit of the provision support such a construction.
But in the second place, if there be any doubt about the correctness of this conclusion, we think it set at rest by the Revised Statutes. Omitting so much of article 3201 as is not applicable to this case it reads as follows: “If any person entitled to commence suit for the recovery of.real property * * be at the time * * the adverse possession commence under the age of twenty-one years or a married woman . * * the time during which such disability shall continue shall not be deemed any portion of the time limited for the commencement of such suit.” Appellant’s disability of minority, which existed when the cause of action first accrued, had been removed-by her marriage. She can not set up her coverture, because, by the terms of the statute, that disability pertains only to such women as were covert at the time the adverse possession commenced. If the revisers of the statutes had had the question now before us distinctly in view when they framed the article quoted, and had desired to remove all doubt upon it, we do not think they could, by general terms, have expressed that intention more clearly.
Of the right to enact this article, although appellant may have been under disability at the time, we think there can be no question. The Legislature has power, should it see fit, to repeal altogether the provision relieving femmes covert from the operation of the statutes; provided a reasonable time be allowed such as are under disability at the time of the repeal within which to bring their suits. Hence, if existing laws had permitted the tacking.of disabilities during the period the statute was suspended by the Constitution of 1869, it was competent for the Legislature to modify these laws and provide that one disability should not supervene upon another, as the article we have considered does in effect, enact.
But we think neither under the Revised Statutes nor the previous laws, can appellant set up her coverture against the operation of the statute of limitations in this case. .
We are of opinion, therefore, that the court below did not err *509 in holding the appellant barred by the statute of limitations, and there being no other ruling complained of, the judgment is affirmed.
Opinion delivered June 17, 1887.

Affirmed.