BATHSHEBA BEST ET AL. v. NIX & STOREY, ADMINISTRATORS, ET AL.

No. 413.

1. **Death of Defendant After Citation.** — When defendants are duly served with citation, the death of one or more of them before judgment does not render such judgment void; it is only voidable.

2. **Bill of Review — Tacking Disabilities.** — The rule forbidding the tacking of disabilities applies to an attack upon a voidable judgment by bill of review, equally as under the statutes of limitations.

3. **Bill of Review Barred in Two Years.**—Following McAnear v. Epperson, 54 Texas, 220, a minor inheriting the right to attack a voidable judgment, and marrying while a minor, was barred from prosecuting a bill of review in two years from her marriage.

4. **Direct and Indirect Attack by Appeal.** — Direct proceeding by writ of error to avoid a judgment will not suspend limitation against proceedings by bill of review setting up matters not appearing in the record as ground for setting the judgment aside.

5. **Same.**—An action in trespass to try title will not of itself—that is, in absence of allegations specifically attacking the voidable judgment—stop limitation to an action to set aside a judgment by bill of review.

6. **Demurrer to Amendment Referring to Former Pleading.**— Generally a demurrer admits the truth of all the pleading excepted to. But when it is alleged that a former pleading in the same cause contained certain averments and had a certain legal effect, we think in ruling upon an exception to the last pleading, if its sufficiency depends upon the purport and effect of the former, the court may construe the former pleading. In other words, the demurrer does not admit the correctness of the construction which the pleading excepted to places upon the former pleading.

7. **Res Adjudicata.**—When a judgment is reversed on appeal, the judgment so set aside can be given no effect as fixing the rights of the parties, although in the opinion the correctness of much of the judgment of the court below may have been approved. The action of the appellate court is its judgment, and not the reasoning, determining rights of the parties.

APPEAL from Caldwell. Tried below before Hon. H. TEICHMUELLER.

*Scarborough & Rogers*, for appellants.—As to whether the judgment was void or voidable: Hooper v. Caruthers, 78 Texas, 432; Kremer v. Haynie, 67 Texas, 450; Jones v. Parker, 67 Texas, 76.

On stare decisis: Frankland v. Cassaday, 62 Texas, 418; 67 Texas, 352; Adam v. Fisher, 75 Texas, 657.

On bill of review: McAnear v. Epperson, 54 Texas, 220; Cundiff v.

Teague, 46 Texas, 475, citing 22 Texas, 171; 21 Texas, 188; 18 Texas, 441, holding, that when the parties are the same, in an action of trespass to try title a judgment on defective or void service can be reviewed;. Johnson v. Watterson, 26 N. E. Rep., 234, and authorities.

*Harwood & Harwood, Nix & Storey*, and *Thomas McNeal*, for appellees.

1. The judgment of October 14, 1869, was not void, even if voidable. Mills v. Alexander, 21 Texas, 154; Thouvenin v. Rodrigues, 24 Texas,. 468; Taylor v. Snow, 47 Texas, 467; McClelland v. Moore, 48 Texas, 355; Mikeska v. Blum, 63 Texas, 44; Harrison v. McMurray, 71 Texas, 127.

2. The saving of the statute of two years after majority in favor of minors within which to bring bill of review, is for the benefit of those only who are parties to the suit and against whom the judgment was rendered during minority (article 1389), and for those to whom the original right accrued. The right to appeal or prosecute writ of error granted to the heir of one who had died (article 1409) does not confer the benefit of two years after majority, should such heir be a minor at the death of his. ancestor. The heir, although a minor, must prosecute the writ of error or bill of review within the same time allowed the deceased (if alive), or his executor or administrator.

3. If the judgment in the suit of Dunham v. Dorn, rendered October 14, 1869, was voidable, then it was not attacked in proper manner or in time by either of the appellants, Bathsheba Ponton, the heir of Stephen Best, or Mattie Terrell, the heir of John Best. Rev. Stats., arts. 1373, 1389, 1409; McAnear v. Epperson, 54 Texas, 225; Hart v. Mills, 38. Texas, 516.

Bill of review must be prosecuted within two years: Pasch. Dig., arts. 4616, 4617; Cunningham v. Perkins, 28 Texas, 488; Taylor v. Snow, 47 Texas, 468; Grimes v. Watkins, 59 Texas, 133; Hunton v. Nichols, 55 Texas, 217; Moody v. Moeller, 72 Texas, 635; Ragsdale v. Barnes, 68 Texas, 504.

KEY, ASSOCIATE JUSTICE. — Appellants, Mrs. Bathsheba Ponton (formerly Best) and Mrs. Mattie Terrell, joined by their respective husbands, were plaintiffs in the court below, in a petition embracing the elements of both a bill of review to set aside a judgment and of trespass to try title to 1000 acres of land awarded by the judgment to one Robert Dorn (under whom the appellees claim), in a suit instituted by the guardian of John, Stephen, and Emily Best (under whom appellants claim) against said Dorn. The trial court sustained a general demurrer and special exceptions to appellants' petition, and to obtain a revision of this ruling ·is the object of this appeal.

Appellants contend, that the judgment complained of is absolutely void,. because two of the plaintiffs in the cause in which it was rendered, and

the guardian who instituted said suit in behalf of all the plaintiffs therein, were dead, and the guardianship closed at the date of its rendition.

This contention can not be sustained. A judgment rendered against a party to a suit who has been duly cited or has entered an appearance subsequent to the death of such party, though voidable, is not absolutely void. Death of a party does not deprive the court of jurisdiction; and a judgment so rendered will bind those who succeed to the rights of the deceased party until it is set aside. Milam County v. Robertson, 47 Texas, 222; McClelland v. Moore, 48 Texas, 355; Harrison v. McMurray, 71 Texas, 122; Black on Judg., sec. 200.

If the minority of the deceased litigant could invoke a different ruling, it can make no difference in this case, because appellants' petition does not show that either John or Emily Best was a minor when they died. And as to Stephen Best, it shows that he was alive and had attained his majority when the judgment was rendered. As to him, therefore, not only is the judgment not void, but the same grounds are not shown for asserting that it is voidable.

Appellants insist, that if the judgment in question be not void, it is voidable; and that their petition should have been sustained as a bill of review, seeking to have said judgment set aside and vacated. On this branch of the case appellees contend, that if otherwise sufficient, the petition shows on its face that appellants' right to this relief is barred by limitation.

According to the averments of the petition, Emily Best married one Brown in 1864; she and her husband died soon thereafter, leaving an only child an heir, which died in 1875, leaving appellants her only heirs; and the judgment complained of was rendered October 14, 1869. Limitation had not begun against Emily Brown's child, it being a minor from the time the judgment was rendered to the time of its death; but as the law will not allow disabilities to be linked together, limitation began against appellants, although they were then minors, as to the interest in the property in controversy inherited by them from said child, at the time descent was cast upon them by its death. It follows, therefore, as neither the action of trespass to try title nor the bill of review (which were afterwards consolidated into this suit) was commenced until 1889, as to the third-interest claimed by appellants under Mrs. Brown, formerly Emily Best, they are barred of all right to have the judgment complained of set aside.

Mrs. Ponton claims under Stephen Best, and the petition shows that he was of age and alive when the judgment was rendered, and that he died March 17, 1870; that Mrs. Ponton is his only child and heir, and was born in 1868.

Under the doctrine announced in Ragsdale v. Barnes, 68 Texas, 504, even should it be held that the general statute of limitation has applica-

tion to the bill of review feature of appellants' petition, as Stephen Best was alive and the statute of limitation in force when the judgment was rendered, it may be doubted if the disability of minority can avail Mrs. Ponton, although the statute was suspended, and she was a minor when he died.   It has been decided, however, that the general statute of limitation does not apply to writs of error and bills of review, and that the constitutional provisions suspending the statutes of limitation from January 28, 1861, to March 30, 1870, did not affect the time within which such proceedings were to be commenced.   Cunningham v. Perkins, 28 Texas, 488; Hart v. Mills, 38 Texas, 513; McAnear v. Epperson, 54 Texas, 220.

As the right to attack a judgment by bill of review, as understood in our practice, existed at the time of Stephen Best's death, and as limitation once put in operation is not interrupted by a supervening disability, it must be held that Mrs. Ponton's right to assail the judgment in question, as the heir of Stephen Best, is barred, although she was a minor when these proceedings were instituted.

But aside from the question of limitation, as Stephen Best was alive and of age when the judgment was rendered, we are not prepared to hold, that as to him and those succeeding his rights, the facts stated in appellants' petition would warrant a court of equity in vacating the judgment rendered against him.

As to Mrs. Terrell's rights, aside from her claim under her aunt, Emily Best, the petition avers, that she is the only child and heir of John Best, who died in 1867; that she married May 7, 1887, while she was a minor; that on February 23, 1889, she and her coplaintiff filed an action of trespass to try title for the recovery of the land herein involved; that on March 15, 1889, they filed in the proper court a petition and bond, seeking to remove the judgment complained of to the Supreme Court; that all the original papers in said cause were lost, and the clerk of the court could not furnish them a transcript, except of the judgment and writ of error proceedings, which transcript they demanded in December, 1889; that they abandoned the writ of error, and thereafter, on the 26th day of April, 1889, they filed a bill of review, asking to have said judgment set aside, and that the two suits—the action of trespass to try title and the bill of review—have been consolidated.

The year in which the bill of review is alleged to have been filed is evidently a mistake, as in the beginning of this amended petition it is stated that it is filed in lieu of all other pleadings in the two cases, including the bill of review "filed April 26, 1890," and it is alleged that the demand made upon the clerk for a transcript in order to prosecute the writ of error was made in December, 1889, and that the bill of review was filed thereafter.   It is also alleged, that the petition in the action of trespass to try title made all the parties herein defendants, and made a direct

attack upon the judgment complained of, setting up all the facts contained in the amended petition now under consideration, but the relief asked in that case is not stated.

In Seguin v. Maverick, 24 Texas, 526, it was held, that the provision of the statute of limitation (Paschal's Digest, article 4616) fixing two years as the time within which to ask for a new trial by bill of review, was restricted to cases in which the defendant had been cited by publication; and in McAnear v. Epperson, 54 Texas, 220, it was held that a bill of review, the service not being by publication, by persons who were minors when the judgment complained of was rendered, should in any event be instituted within two years after the youngest heir becomes of age.

Under the authority of the case last cited, Mrs. Terrell being the only heir of John Best, it must be held that her right to have the judgment rendered against her father vacated is barred, more than two years having elapsed from the date of her marriage to the beginning of the bill of review proceeding.

The contention, that because the petition and bond for writ of error were filed and the action of trespass to try title begun within two years after her marriage, therefore she is not barred, can not be sustained. A writ of error is one of the means provided by statute by which an appellate tribunal may acquire jurisdiction and set aside a judgment for error shown by the record; but in such a proceeding, the appellate court can not consider matters that were not before the trial court. Such matters, however, may be set up in an equitable proceeding in the nature of a bill of review in the trial court, as a ground for a new trial after the adjournment of the term at which the judgment was rendered. Seguin v. Maverick, 24 Texas, 526; McClelland v. Moore, 48 Texas, 355. While they may be designed to accomplish the same general result, the two proceedings are not the same; and the institution of one will not suspend limitation against the other.

The original petition in the action of trespass to try title is not in the record; but it is alleged in appellants' amended petition, to which the demurrers were sustained, that in the trespass to try title petition the judgment in question was directly attacked, and the same facts stated as are alleged in the amended petition.

We do not understand this to be an averment that it was sought in the original petition to have the judgment set aside, and the cause in which it was rendered tried again on its merits.

Besides, in passing upon the exception, the court had the right to examine and construe the former petition, regardless of appellants' averments as to its purport in their amended petition, and if in fact it did not attack the judgment, the court should have—as it did—sustained the exception invoking the two years limitation. Generally a demurrer ad-

mits the truth of all the averments in the pleading excepted to. But when it is alleged that a former pleading in the same cause contained certain averments and had a certain legal effect, we think, in ruling upon an exception to the last pleading, if its sufficiency depends upon the purport and effect of the former, the court has as much right to construe the former pleading as though it were attached as an exhibit. In other words, a demurrer does not admit the correctness of the construction which the pleading excepted to places upon a former pleading.

The court below may have concluded that the original petition in trespass to try title was in no sense a bill of review; and as it is not brought up in the transcript, we are unable to say that such a conclusion is not correct. If the court concurred with appellants' averments in their amended petition, as to the purport of former pleadings, and they did not desire to have them embraced in the transcript on appeal, such concurrence could have been recited in and shown by a bill of exceptions taken to the court's ruling on the demurrers.

It is contended on behalf of appellants, that the opinion of our Supreme Court in Dorn v. Dunham, 24 Texas, 365, reversing the cause in which the judgment complained of was subsequently rendered, settled the question of title involved in this case in favor of appellants' ancestors, and they pleaded that opinion as res adjudicata.

It is the judgment of a court, and not the reason stated for rendering the judgment or in deciding a particular question, that binds parties and their privies. On the occasion in question, the Supreme Court reversed a judgment awarding the land in question to appellants' ancestors, and remanded the entire cause for a new trial. If it had been the intention of that court to settle the question of title, it could easily have done so by affirming the judgment of the District Court in that respect, and reversing on the question of improvements. Not having done so, it left the question of title, like all other questions, to be determined in the further progress of the case.

The original action in this case (trespass to try title) was commenced in the District Court of Caldwell County, where the land is situated. The original bill of review proceeding was instituted in the District Court of Gonzales County, where the judgment complained of was rendered. By agreement of parties, this latter proceeding, together with all the original papers and copies of all orders in the original suit, was transferred to the District Court of Caldwell County, in which the original suit was commenced, and from which it had been transferred to Gonzales County on account of the disqualification of the district judge.

In view of these facts, appellees contend that the District Court of Caldwell County had no jurisdiction to review and set aside the judgment rendered by the District Court of Gonzales County. As we affirm the judgment on another ground, no opinion is expressed on this question.

Because the judgment of the District Court of Gonzales County, set out in appellants' petition, is not null and void, and is binding upon them, and because they are barred of all right to have it vacated and set aside, the judgment appealed from will be affirmed.

*Affirmed.*

Delivered February 7, 1894.