### J. B. NICHOLSON v. VAN V. NICHOLSON ET AL.

Decided February 24, 1910.

**1.—Guardianship—Bill of Review.**

A bill of review may be brought in the probate court under art. 2799, Rev. Stats., to revise an order discharging a guardian resigning and turning over the property of minor wards to his successor, and to obtain a restating of his guardianship accounts, at any time before the barring of such action of the wards by limitation after their attaining their majority.

**2.—Same—Cases Distinguished.**

DeCordova v. Rogers, 97 Texas, 60, followed. Ingram v. Maynard, 6 Texas, 131; Francis v. Northcote, 6 Texas, 186; Timmins v. Bonner, 58 Texas, 554; Heath v. Layne, 62 Texas, 694; Handy v. Woodhouse, 25 S. W., 40; Nicholson v. Harvey, 25 S. W., 458, distinguished.

**3.—Same—Pleading.**

Pleading held sufficient in a bill of review attacking the accounts of a guardian for errors of law apparent on his accounts and allegations charging him with fraudulent conduct.

**4.—Same—Uninventoried Property.**

The power to correct the order of the probate court by bill of review does not embrace authority to tax the guardian for property of the wards not inventoried or accounted for by him. Francis v. Northcote, 6 Texas, 186.

**5.—Guardian—Support of Wards.**

The guardian is not entitled to credit for expenditures for the maintenance and support of the wards in excess of the income derived from their estate in the absence of an order of the court authorizing the use of the corpus of the estate for that purpose.

**6.—Guardian—Accounts—Commissions.**

Where credits claimed by the guardian for moneys expended are disallowed as not having been paid, the commissions on such payments are also to be deducted from his credits.

**7.—Bill of Review—Devastavit.**

A charge against the guardian of the difference between the inventoried value of personal property and the amount realized on its sale, on the ground that the sale was without order of the court, is in the nature of a liability as for devastavit, and not permissible on bill of review. But debits and credits ascertained from review of the orders made by the court are proper. Francis v. Northcote, 6 Texas, 186.

**8.—Guardianship—Review—Judgment.**

The only judgment which the probate court could make on a bill of review of the order discharging a guardian of minors and settling his accounts was a restatement of the account and amount found due. It was proper to include in this the accounts of all the wards, though one was not a party to the bill, and was barred by limitation of his action for his part.

Appeal from the District Court of Lamar County. Tried below before Hon. Ben H. Denton.

*Allen & Dahoney,* for appellant.—Art. 2799, Sayles' Civil Statutes, providing for bill of review, should be construed so as to apply to orders pending the guardianship and before discharge. Constitution, art. 5, secs. 8 and 16; Sayles' Civ. Stats., art. 1337; Timmins v. Bonner, 58 Texas, 554; Ingram v. Maynard, 6 Texas, 131; Francis v. Northcote, 6 Texas, 185; Attridge v. Maxey, 15 Texas Civ. App., 134; Fort v. Fitts, 66 Texas, 593; Handy v. Woodhouse, 25 S. W., 40; Heath v. Layne, 62 Texas, 694; Ruenbuhl v. Hefron, 38 S. W., 1028; Hicks v. Oliver, 78 Texas, 235; Nicholson v. Harvey, 25 S. W., 458; Hirshfield v. Brown, 30 S. W., 962; DeBerry v. Wooters, 57 S. W., 885; Davis v. Harwood, 70 Texas, 71.

*W. F. Moore* and *Burdett & Connor,* for appellee.—The bill of review against appellant is expressly given by statute and such statute is not in contravention of the sections of the Constitution relied on by appellant. Rev. Stats., arts. 2799 and 2800; Heath v. Layne, 62 Texas, 686; Jones v. Parker, 67 Texas, 77; Young v. Gray, 60 Texas, 541; Miller v. Miller, 21 Texas Civ. App., 383; De Cordova v. Rogers, 97 Texas, 60; Kelsey v. Trisler, 32 Texas Civ. App., 177; Miers v. Betterton, 18 Texas Civ. App., 430; Bloom v. Oliver, 56 Texas Civ. App., 391.

LEVY, ASSOCIATE JUSTICE.—Appellee Van V. Nicholson for himself and as next friend for Albert, his brother, brought this suit in the Probate Court of Lamar County in the nature of a bill of review under art. 2799, Rev. Stats., to revise and correct the action of the

court upon final settlement of appellant, the guardian of their persons and estate. The suit was filed August 5, 1908. Van V. Nicholson became twenty-one years old on August 17, 1906, and Albert was under twenty-one years at the time of the suit and trial. The bill alleged as matters for review and restatement, that the guardian failed to return and inventory all of the personalty that he took possession of, naming it, and failed to account for it, and that he sold certain personal property without an order of court authorizing it, and that his account was erroneous and illegal as containing items stated as paid which were not paid, failing to account for certain items of cash shown by the inventory, and containing charges for maintenance and board which were wrong and unauthorized, and excessive and illegal commissions to himself, and in failing to account for certain rents and revenues. The prayer was to have the decrees and orders theretofore approved by the court set aside, and the guardian's account corrected and restated. Appellant answered by demurrer and special exceptions, and generally. The County Court overruled the demurrer and exceptions, set aside the order discharging appellant and approving his final account, restated the various accounts and charged him with $714.40. On appeal the District Court made like orders, charging appellant with $1752.49.

Appellant was appointed guardian of the person and estate of Van V., Emma, and Albert Nicholson, by the County Court of Lamar County on September 7, 1893, and he qualified as such. The estate consisted of land in Lamar and Collin Counties, personal property, some money, and notes and accounts. The land in Lamar County was sold under proper order of the court, and collection made of the notes and accounts as far as possible. The guardian made annual reports during a part of the time the proceeding was pending; and in April, 1900, filed his final report and resignation. His final report showed he had invested some money in land in Collin County under order of the court, and that the estate then consisted of land and certain household and kitchen furniture, and that his wards were living with their uncle in Navarro County. This uncle applied for letters and was appointed guardian by the County Court of Navarro County. On December 21, 1900, the resignation of appellant was accepted, and by an order of that date his final account was approved and he was discharged and directed to turn over the estates to the uncle as guardian in Navarro County.

*After Stating the Case.*—The appellant, by proper assignments of error, challenges the power and jurisdiction of the Probate Court to entertain a bill of review in guardianship proceedings after final discharge of the guardian, and the sufficiency of the grounds alleged for review in the bill. If article 2799, Rev. Stats., should be construed, as contended for by appellant, as applying to orders pending the guardianship and before entry of judgment of final discharge of the guardian by the court, then such ruling would be decisive of the appeal, and consideration of the other questions would be unnecessary. The precise facts of the case are that the guardian resigned as guardian, and rendered an account of the condition of the estate and of his guardianship to the court, which was by the court accepted .

and approved by an order. The discharge of appellant was not on account of the wards becoming of legal age. The appellees were minors at the time. The statute provides that where a guardian wishes to resign he shall present his application in writing to that effect to the court and accompany such application with a full and complete account of the condition of the estate and of his guardianship. Article 2692, Rev. Stats. Upon the hearing of such application and account, if it appear that such guardian has accounted for all the estate according to law, the court shall enter an order upon the minutes that he deliver the estate remaining in his' possession, if any there be, to some person who shall have been or may be appointed and qualified as guardian in his place, and upon compliance with such order such guardian shall be permitted to resign his trust and be discharged. Article 2695, Rev. Stats. It is provided by art. 2799, Rev. Stats., that any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court or the judge thereof, revised and corrected on showing error therein. The instant proceeding is by a party in interest, and was in the court in which the guardianship proceedings were had, and no question in that respect can be or is urged. The appellees are protected in the case against limitation by their minority, and hence the lapse of several years after the order discharging the guardian before filing the bill of review is not a bar. An order of approval by the court of an account and discharge of the guardian is clearly within the provision of the statute an "order or judgment rendered by such court." The question is narrowed to the power of the court to entertain the bill after entry of final order of discharge of the guardian. The appellant contends that the court has no such power, and that to so construe the article would render it unconstitutional. Several authorities are cited and relied on in support of his contention as hereafter discussed. The Probate Court having the power conferred on it by the Constitution to appoint guardians of minors, settle their accounts and transact all business appertaining to minors, and that jurisdiction being invoked by appointment of a guardian of a minor, and having the power by statute on proper application of a party interested to correct by bill of review orders or judgments rendered by it in such proceedings, and a final settlement of a guardian being an order or judgment authorized to be rendered by such court, it follows, we think, that a proper bill of review could be entertained by such court, as within its power, to revise a final settlement of a guardian after discharge of the guardian. The jurisdictional elements are the fact of a guardianship proceeding having been in that court, and the order or judgment sought to be reviewed having been entered by the court, and the filing of the bill by the proper person, and the notice to the guardian. The statute does not prescribe the time in which the court shall or shall not exercise the power. It has been ruled, however, that general limitation statutes would apply to the right of applicants to file the bill. DeCordova v. Rogers, 97 Texas, 60, 75 S. W., 16. This ruling is persuasive that the court has the power to review the final settlement at any time after the entry of the

order before the bar of limitation is complete. As long as the right to exercise the power of review exists the right of the court to entertain a proper bill by the proper party exists. To so construe the article as to say that unless the guardian was at the time of the filing of the bill acting as guardian the court would not have the power to entertain a proper bill of review of its orders or judgment, would be to make the power of the court dependent upon that fact and restrictive as to the time of the exercise of the power. The language of the statute does not warrant such construction. If the statute confers the power on the court to entertain a bill of review of its orders, as it does, and has placed no legal restriction or restraint upon the right of the court to exercise the power to review, then it necessarily follows that it is immaterial, as affecting the power of the court, whether the guardian be then discharged or not. This assumes the proper bill of review being filed. In the instant case the bar of limitation is not available, as the appellees, being minors at the time, are exempted during the period of their disability. In the case of DeCordova v. Rogers, supra, the Supreme Court uses the expression, "The bill of review must be brought in the same court that renders the orders complained of; and we think a bill of review could be brought to revise the action of the court upon final settlement." If it be conceded, as it must be, that the court has the power to revise by bill of review its orders during the pendency of the guardianship, then it must be conceded, we think, that the power would exist until the bar of limitation operated to restrict the exercise of the power, the statute not restricting the exercise of such power. The cases relied on by appellant are not opposed, we think, to our ruling. The cases are authority for another question than the one here, and are clearly distinguishable. Ingram v. Maynard, 6 Texas, 131, was not a case where a former order or judgment was sought to be reviewed by the Probate Court. The administrator, after his resignation and discharge voluntarily came into court and applied for a settlement. The court ruled that after closing the estate its jurisdiction was gone over the estate for any purpose of original jurisdiction. Francis v. Northcote, 6 Texas, 186, was not to review an order or decree, but a suit to compel an accounting and for judgment for the amount found due. It was a suit as for a devastavit and beyond the jurisdiction of the Probate Court as so ruled. Timmins v. Bonner, 58 Texas, 554, was a suit on the bond, and it was held that the Probate Court had no jurisdiction. Heath v. Layne, 62 Texas, 694, was a suit brought originally in the District Court to revise an order of the Probate Court. It was ruled that the District Court had no such original jurisdiction. Handy v. Woodhouse, 25 S. W., 40, was a suit on the bond of the deceased guardian, and it was ruled, as before, that this kind of a suit was not within the jurisdiction of the Probate Court. In Nicholson v. Harvey, 25 S. W., 458, the court ruled that the Probate Court had no jurisdiction as the case was plead, following Timmins v. Bonner. By following the case mentioned, and the pleadings being limitedly set out in the opinion, the court evidently meant to confine the ruling to the particular pleadings before them, and not to determine

the question that a proper bill of review would not lie in the Probate Court. It is clear that these cases are entirely dissimilar proceedings from the instant one. This ruling, we think, is not objectionable on any constitutional ground.

Having determined that the court had the power to entertain the bill of review, we next determine the errors assigned on the sufficiency of the pleading.

It is contended by appellant that the allegations in the bill are insufficient to authorize a review. Except as to the two items below, the bill attacked the accounts of the guardian both for errors of law apparent on the accounts, and upon a state of facts the effect of which was to charge fraudulent conduct. We think the bill sufficient. Miller v. Miller, 21 Texas Civ. App., 383, 53 S. W., 364, and authorities there cited. There was error in not sustaining the exceptions as to the seventeen head of cattle and $500 worth of furniture not inventoried. The case of Francis v. Northcote, supra, would be applicable to these two items as not within the power of the court on bill of review after discharge of the guardian. The judgment as to these two items is here set aside.

The appellee attacked in his bill certain items on the debit side of the first annual account, which are challenged by appellant. The court found that the face of the account showed a debit of $256.30 for maintenance and support of the minors, and $223.15 clear income received. Because no order of the court was in evidence allowing any expenditure of the corpus for such purpose, the court disallowed as a debit to the guardian on the account the difference. Appellant claims this was error. The findings are sustained by the report. In this state of the account and proof by appellees, it devolved upon the guardian to justify his expenditure by proof that an order of the court was made authorizing the use of the corpus. Jones v. Parker, 67 Texas, 80, 3 S. W., 222; Blackwood v. Blackwood, 92 Texas, 478, 49 S. W., 1045. The finding that the account of $15 was not paid to Reid for coffin is without evidence in the record to support it, and is set aside. The guardian testified that Lyons owed the estate and the estate owed Lyons $20.80, and that he offset accounts. The record shows an order of the court allowing the guardian to generally compromise and pay claims. The finding of the court that only $7.85 was paid is not supported by any evidence, and was error. As these items were disbursements he was entitled to commissions, and the court erred in striking the amount from the debit side of the account. In the second annual account, which was attacked by the bill, the court found that without any order of the court in proof the guardian had expended, since the first account, $374 for support and maintenance of the minors out of the corpus, as shown by the account and disallowed debit to the guardian, as erroneous. This finding is sustained. The court further found the account erroneous as debiting the minors with illegal commissions in the sum of $136.85. This, we think, was not error. The court found the final account, which was specifically attacked by the bill, erroneous as debiting the minors with the lump sum of $860 for support and maintenance since filing the second account. The bill attacked

this account as being not in fact paid. The court found on the proof in the case that the account was an unjust charge and no part of it was expended by the guardian. There is much evidence in the record on this question, and the conflict is such as to not warrant us in setting the finding of the court aside. The court charges the guardian with the difference between the appraised value of the personal property as shown by the inventory, and the value of such property as is accounted for in his accounts. He charges this difference upon the ground that it is not accounted for, and that the guardian never obtained any order from the court to sell the personal property. The effect of this finding is to hold the guardian liable as for devastavit, and we do not think the court had this power in a bill of review. See Francis v. Northcote, supra. The items, however, of $163.25 in the account of August, 1895, which was found on said account to be a proper charge against the minors in favor of the guardian, and $144 cash reported on hand was properly allowed by the court as a credit and debit respectively to the guardian, because it was a review for error on the account.

As the only judgment which could have been rendered by the Probate Court was to decree the state of their guardian's account with all of his wards at the time of his final account and resignation, it was not error, we think, to restate the account as to all of the wards, although one of the wards was not a party to the suit. Limitation, it appears, had barred the remedy of one of the wards, who was not a party to the suit. This disposes of all the assignments presented except the second assignment, which is overruled.

For the errors discussed the judgment was ordered modified, and as modified to then be affirmed with costs of appeal against appellees.

*Reformed and affirmed.*

Writ of error refused.