YATES v. WATSON et al.   (No. 120–2988.)

(Commission of Appeals of Texas, Section B. May 26, 1920.)

1. **Guardian and ward** &⫸165—**Part of judgment recovered by minors and paid by guardian to their attorneys without inventory not reviewable under bill of review.**

Where one-third of judgment recovered in favor of minors which was paid to their guardian and by him paid to their attorneys was never inventoried by the guardian, and no decision was made by the court concerning it, there was nothing relating to such third to review on bill of review, under Rev. St. 1911, §§ 4290–4301, of judgment approving the guardian's final account.

2. **Guardian and ward** &⫸32—**Statutes afford method to secure statement of property received but not inventoried.**

The guardianship statutes afford a method to secure statement by guardian of property received, not shown in his original inventory, and erroneous or incomplete inventories filed by the guardian may be corrected and new appraisements ordered under Rev. St. 1911, arts. 4117–4120, as provided in the case of estates of decedents, governed by articles 3341–3345.

3. **Guardian and ward** &⫸32 — **Direct suit against guardian proper procedure for refusal to file additional inventory, or when new inventory not sought.**

If a guardian refuses to comply with an order to file an additional inventory secured in the manner provided by Rev. St. 1911, arts. 4117–4120, or in the absence of a new or corrected inventory having been sought in such manner, the proper procedure by the ward is by direct suit against the guardian and his sureties for the amount received and not accounted for.

4. **Guardian and ward** &⫸30(1)—**Person who supplies necessaries to minor must present claim to probate court for allowance and approval.**

Under Rev. St. 1911, arts. 4131, 4207, 4217, 4224, 4233, though one supplying necessaries, as maintenance and education, for a minor, is entitled to compensation out of his estate, he must present his claim for amount so expended to probate court, and have it allowed and approved; and if he fails he is not entitled on final accounting as guardian to credits for such expenditures then first claimed.

5. **Guardian and ward** &⫸58—**Guardian not entitled to credits first claimed on final accounting.**

Under Rev. St. 1911, arts. 4131, 4207, 4217, 4224, 4233, a guardian of minors who did not

---

&⫸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have established his claims for burial expenses of their father and for his personal expenses incurred in prosecuting suit against a railroad for the father's death is not entitled to allowance of such credits on final accounting, when the claims are presented for the first time.

**6. Guardian and ward** ⊕⟹54—**Guardian who fails to invest liable for 10 per cent. interest.**

Under Rev. St. 1911, art. 4150, a guardian who neglected to invest or loan surplus moneys in his hands belonging to his wards *held* liable for the principal and 10 per cent. interest as the highest legal rate thereon, defined by article 4977, not 4974, for the time he neglected to invest.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Bill by Mrs. N. K. Watson and others against I. H. Yates, to revise and reinstate the final account of defendant as guardian of certain minors. From judgment reinstating certain items of the account, both parties appealed to the Court of Civil Appeals, which reformed and affirmed (187 S. W. 548), and defendant guardian and the named plaintiff bring error. Judgment of the Court of Civil Appeals and of the trial court as reformed and affirmed by the Court of Civil Appeals affirmed on recommendation of the Commission of Appeals.

Hunt, Meyer & Teagle, of Houston, and Cunningham & Oliver, of Abilene, for plaintiff in error.

Scott W. Key, of Brownwood, for defendants in error.

TAYLOR, J. W. B. Wilson was killed in a railway accident in November, 1904. His wife and three minor children survived him. He left no money or estate, except a claim for damages against the St. Louis & San Francisco Railway Company. Mrs. Wilson, acting for herself and as next friend for her children, employed Wolfe, Hare & Maxey, attorneys, to prosecute the suit against the company on the claim, and agreed to pay them as their compensation one-third of the amount recovered.

Immediately upon the death of her husband, Mrs. Wilson and her children moved to the home of I. H. Yates, her father, where a few months later the fourth child was born. The entire family from that time until June 4, 1906, were dependent upon Yates for the necessaries of life, which he provided at his own expense. On that date judgment was rendered in the cause growing out of Wilson's death for $2,000 in favor of Mrs. Wilson, and for $4,000 in favor of the minors. The proceeds of the judgment for the minors were deposited in the registry of the court.

In July, 1906, Yates qualified as guardian of the estates of the minors. On August 10th following, the clerk of the court paid him as guardian the sum of $3,973.62, retaining $60 as his commission. Yates, upon receipt of the money, paid Wolfe, Hare & Maxey one-third of the amount received, and forthwith filed an inventory and appraisement showing that the only estate owned by the minors was a two-thirds interest in the judgment recovered in their favor, and appraising such interest at $2,666.66, the net amount of the recovery. The amount paid out as attorney's fees was never inventoried or appraised as a part of the estates of the minors, or referred to directly or indirectly in any of the orders of the court.

Yates, upon qualifying as guardian, made application to the court for an allowance for the care, education, and maintenance of the minors, which the court granted, entering an order, directing that the sum of $480 per annum be paid out of the funds in his hands as guardian for the purpose stated. He filed no annual accounts or reports of his guardianship, other than his final account. There were no orders of the probate court authorizing Yates to expend any of the money belonging to the wards, except for the $480 annual expenditure referred to.

On May 25, 1908, Yates removed his daughter and grandchildren from his home in Stith, Tex., to a house in Merkel, Tex., owned by him, where he continued to treat them as members of his own family, furnishing them all the necessaries of life, until about December 25, 1908, when Mrs. Wilson married N. K. Watson.

In October, 1913, the county court entered an order requiring Yates to file an annual account, which he filed as a final account in December following, including therein, in legal effect, his application to resign. The account as stated showed: (1) That he received as guardian $2,066.66, the amount of the proceeds of the judgment recovered against the railway company; and (2) that he paid out of the money received the following items: Court costs, $10.80; personal expenses incurred in prosecuting the railway company suit, $38.20; expense of burial of W. B. Wilson, $131.10; attorney's fees paid in the probate proceedings, $50; commissions paid the clerk of the federal court, $60; amount paid for board, care, and schooling for three minors, at the rate of $10 per month, to December 25, 1908, $1,491; amount paid for care, board, and maintenance of one of said minors born after the death of the father, $423.00; amount paid Mrs. Watson for the support, maintenance, and education of all the minors subsequent to December 25, 1908, $488. The account as filed was silent as to the one-third of the judgment received by Yates, and paid out by him to the attorneys, but showed on its face that the total amount paid out by

him was $25.44 in excess of the amount received.

Yates did not, during the pendency of his guardianship, or at any time, file claims for any of the amounts expended prior to his appointment as guardian. No claims were docketed by him, or allowed, or approved by the court.

Citation by publication was duly issued and published on final account, returnable to the February term, 1914, of the county court. None of the minors at that time were of age, but one of the girls, Ola May, had terminated her disability of minority by marrying E. D. Treadwell. During the February term of the court an order was duly entered upon the minutes approving Yates' account, and directing that he be discharged and his guardianship closed.

None of the parties interested in the estate filed objections to the inventory and appraisement filed by Yates and approved by the court, or sought to have a new appraisement made in the manner provided by law. R. S. 1911, arts. 4117–4120; 3344–3347.

Mrs. Watson, as next friend of her minor children, and her daughter, Mrs. Treadwell, both joined pro forma by their husbands, filed this suit in the county court to review the judgment approving the final account. The cause was heard at the May term of the county court, 1915, and resulted in so revising and restating the account as to show that $989.50 should be in the hands of the guardian belonging to the estates of the minors.

The court ordered one-fourth of the amount paid to Mrs. Treadwell, and that Yates be removed from the guardianship on account of having failed to make his annual reports, and because of neglect and mismanagement in the performance of his duties in not investing the guardianship funds. The decree further directed that the amount remaining, to wit, the sum of $742.17, be paid into the registry of the county court for the other minors.

Trial in the district court under the bill of review resulted in a revision and restatement of the final account in the following particulars: The item of $131.10 for burial expenses was not allowed. The items of $1,491 and $423 were reduced $760, the amount charged by Yates for boarding the minors prior to his qualification as guardian; $20 was deducted from the $60 item of commissions paid the clerk of the federal court. The item of $488 paid to Mrs. Watson subsequent to December 25, 1908, was found to be excessive in the sum of $113.

The total amount disallowed on final revision by the district court was $1,024.10. The court found that by the use of reasonable diligence Yates could have invested this sum, but that he failed to do so, and should therefore be charged with interest thereon at the rate of 8 per cent. per annum. The interest item thus charged against the guardian amounted to the sum of $713.15. The court, adding this amount to the principal sum of $1,024.10 and deducting $25.44, the excess paid out, found that the guardian should have had on hand the sum of $1,735.81. The district court directed disposition of this sum in the manner provided by the county court judgment.

Yates appealed, questioning the authority of the court to review the judgment approving his final account, and complaining of the court's action in striking from it certain items of credit, and in reducing others. Mrs. Watson by cross-assignments filed originally in the Court of Civil Appeals, asserted error in the action of the court in, among other things, not revising the item of the account stating the amount received by Yates as guardian. The Court of Civil Appeals reformed the judgment of the District Court by refusing to allow $38.20, the amount personally expended by Yates in the prosecution of the suit prior to his appointment as guardian; and by increasing the interest item from 8 to 10 per cent. per annum. The judgment as reformed was affirmed. 187 S. W. 548.

Writs of error were granted both Yates and Mrs. Watson upon their respective applications referred to the committee of judges.

The only error assigned in the application of Mrs. Watson for the writ relates to the action of the court in refusing to require Yates to so restate his final account as to make it show that he received as guardian the entire amount of the judgment recovered in favor of the minors, rather than the amount of the judgment less the attorney's fees paid out by him before filing his inventory and appraisement. We think it is not contemplated, by the statutes providing methods of review of guardianship proceedings, that the character of relief suggested in the assignment be granted under a bill of review. The methods of review provided in guardianship are by appeal, bill of review, and certiorari. R. S. 1911, Title 64, Chap. 21. The remedy by appeal is extended to any person who may consider himself aggrieved by any decision, order, or judgment of the probate court. Article 4290. Articles 4300 and 4301 provide methods of review by certiorari and bill of review, respectively, to any person interested; but whether the review be by appeal, bill of review, or certiorari, it must be of some decision, order, or judgment of the county court.

[1] The one-third of the judgment recovered in favor of the minors, which was paid to the guardian, and by him paid to the attorneys, was never inventoried. No decision, order, or judgment was made or entered by the court concerning it; hence there was nothing relating to it to review in this suit.

[2, 3] The guardianship statutes afford a method for securing a statement by the guardian of the property received not shown in the original inventory filed by him. Chifflet v. Willis & Bro., 74 Tex. 245, 11 S. W. 1105. Erroneous or incomplete inventories filed by the guardian may be corrected, and new appraisements may be ordered as provided in the case of estates of decedents. R. S. arts. 4117–4120. Chapter 10, title 52, of the Revised Statutes, relating to inventory and appraisement in the case of such estates, makes provision for requiring a new or additional inventory. R. S. arts. 3341–3345. Neither an additional nor a new inventory was sought in any of the proceedings in this case. In the event of the refusal of the guardian to comply with an order to file an additional inventory secured in the manner provided, or in the absence of a new or corrected inventory having been sought in such manner, the proper procedure on behalf of the ward is a direct suit against the guardian and his sureties for the amount received and not accounted for. Davis v. Harwood, 70 Tex. 71, 8 S. W. 58.

The court held, in Nicholson v. Nicholson, 59 Tex. Civ. App. 357, 125 S. W. 965 (writ of error denied), in which plaintiff sought by bill of review to charge their former guardian through a revision of his final account with the value of certain personal property not included in the inventory, that while it was proper to review certain items of the account, the trial court was in error in not sustaining the exceptions to the pleadings seeking to include property not inventoried.

The Court of Civil Appeals did not err, in the state of the record, in not requiring a restatement of the item of the final account showing the amount received by Yates as guardian.

The first assignment of error in the application of Yates complains of the probate court's action on final accounting in deducting from the $1,491 and the $423 items of the account the sum of $760. The deduction represents the amount expended by Yates for the maintenance and education of the minors prior to his appointment as guardian. No claim therefor had been filed by him, verified by his affidavit. In fact, no claim of any character was filed or approved by the court prior to the filing and approval of the final account now under review.

[4] While one supplying the necessaries of life for a minor is entitled to compensation out of his estate, it is incumbent upon him to present his claim for the amount so expended to the probate court, and have it allowed and approved. R. S. arts. 4224, 4207, 4217, 4131, and 4233. It is necessary for a guardian who, prior to qualifying as such, makes expenditures for the maintenance and education of his wards, to establish his claim therefor, as for third persons to establish claims of the same character. A claim for the expenditure not having been allowed prior to final accounting, the district court was not in error in its conclusion as a matter of law that it should not have been allowed. The same principle controls as in those cases involving the allowance of an expenditure for maintenance and education beyond the clear income of the ward's estate. It must be authorized. Statutes, supra; Eastland v. Williams (Civ. App.) 45 S. W. 412; Id., 92 Tex. 113, 46 S. W. 32; De Cordova v. Rodgers (Civ. App.) 67 S. W. 1042; Id., 97 Tex. 60, 75 S. W. 16; Smythe v. Lumpkin, 62 Tex. 242; Oldham v. Brooks (Civ. App.) 25 S. W. 648; Dallas Trust & Savings Bank v. Pitchford (Civ. App.) 208 S. W. 724.

The case of Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255, is not in point, in that the claim there involved was established prior to final accounting.

Neither is the case of Freybe v. Tiernan, 76 Tex. 286, 13 S. W. 370, applicable. That was a cause in which a mother sued a sheriff and his sureties for damages growing out of a levy made upon her son's property, in which she claimed an interest. She sought in the suit to be reimbursed for money expended out of her limited means for the son's education and maintenance during his minority. The suit was not to enforce a claim against her son, and did not involve the question of whether a claim for the amount expended had been properly allowed. The son recognized its validity, and, in so far as he was concerned, it was established. The point decided was that in determining in such a suit the amount of the mother's indebtedness to her own son, an offset should be allowed in her favor under the equitable rule applied, for expenses incurred by her in his support and maintenance. It has no pertinency in a case of this character, involving the question, not of whether such expenditure is a proper charge against the estate of a minor when duly allowed, but of whether a claim therefor has been established as required by law. Furthermore, it not appearing that Yates was prevented in any way from authenticating his claim by means of the procedure provided by the statutes relating to guardianship, he is not warranted in seeking equitable relief.

So much of the order of the probate court as approved the final account carrying credit for the amount expended by Yates prior to his guardianship for the education and maintenance of his wards was therefore erroneous, and the Court of Civil Appeals did not err in making the deduction on review.

[5] Other assignments in the application of Yates complain of the action of the Court of Civil Appeals in not reversing the judgment of the district court refusing to allow him credit for the burial expense item, and in not affirming its judgment refusing to

allow him credit for the expense incurred personally prior to the guardianship in prosecuting the suit against the railway company. The claims not having been established, and having been presented for the first time as credits in final accounting, it is clear from the statutes and authorities cited that they should not have been allowed, and the Court of Civil Appeals was not in error in so holding.

The last assignment complains of the action of the Court of Civil Appeals in increasing the rate of interest charged against Yates on the money in his hands belonging to the minors, which he failed to invest, from 8 per cent. as charged in the district court on final accounting, to 10 per ·cent., and in not reducing the rate so charged to 6 per cent.

R. S. 1911, art. 4150 provides that if the guardian neglects to invest or loan the surplus money in his hands belonging to the ward, he shall be liable for the principal and also for the' highest legal rate of interest thereon for the time he neglected to invest or loan the same.

[6] In Logan v. Gay (Civ. App.) 87 S. W. 852, the court held that the rate of interest as provided in article 4150 is 10 per cent. per annum. We think the holding correct.

While "legal interest" as defined by article 4974, and its rate as fixed by article 4977, are inflexible, the rate of "conventional interest" as· defined by article 4975 is flexible, and is legal so long as it does not exceed the rate of 10 per cent. per annum. Had the Legislature intended to require the guardian to pay "legal interest" as defined by article 4974, at a fixed rate on the uninvested funds in his hands, it would not have employed the term "highest" in designating it.

We think the Court of Civil Appeals did not err in increasing the rate of interest charged Yates on the uninvested funds in his hands from 8 to 10 per cent. per annum.

We recommend, therefore, that the judgment of the Court of Civil Appeals, and the judgment of the district court as reformed and affirmed by the Court of Civil Appeals, be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.