**PARMLEY v. PARMLEY et al.**

No. 5268.

Court of Civil Appeals of Texas. Amarillo.
March 3, 1941.

Rehearing Denied April 7, 1941.

H. D. Stringer, of Memphis, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellees.

FOLLEY, Justice.

This is a bill of review proceeding originally instituted on November 9, 1939, in the County Court of Donley County, Texas, by the appellant, W. Edd Parmley. The suit was to review and to set aside certain orders of the probate court in a guardianship proceeding in the county court of such county wherein J. W. Parmley was the guardian, his minor son, W. Edd Parmley, the ward and the New Amsterdam Casualty Company the surety on the guardian's bond. J. W. Parmley and the New Amsterdam Casualty Company were the original defendants.

The appellant sought to review and set aside three orders of the probate court. The first was of the date of January 16, 1933, which allowed the guardian $240 for living expenses of the ward from July 23, 1932, to the date of the order and $25 per month for the ward's living expenses accruing thereafter. The second order attacked was one of the date of April 14, 1933, allowing the guardian to borrow $165 in a lump sum from the Donley County State Bank and to pledge to such bank as security therefor his monthly allowance of $25 from the ward's estate as evidenced by the order of January 16, 1933. The third order challenged was of the date of August 14, 1937, which terminated the guardianship and discharged the guardian and his surety.

The appellant alleged that he became of age on December 27, 1936; that the portion of the order of January 16, 1933, which allowed the guardian $240 was void because the guardian was appellant's father and under legal and moral duty to support the appellant during his minority; that the guardian was well able to support the ward and, in fact, did do so; that the expenses, if any, to which the $240 advancement was applied were incurred in part before the guardianship proceedings were begun and

the balance without any previous order of the court authorizing the same; that no claim with reference to the advancement was presented and allowed by the court; that such sum was from the corpus of the appellant's estate and not income therefrom; that the allowance of $25 per month was void because no evidence was offered showing any legal necessity for an expenditure from the corpus of the appellant's estate; that there was no necessity therefor because the guardian was in a position to support the appellant and did do so; that the order of April 13, 1933, in regard to the loan from the bank was void because the loan was a personal loan to the guardian and constituted an attempt to divert the estate of the appellant to wholly illegal uses; and that the order terminating the guardianship and discharging the guardian and his surety was void because no citation was ever issued or served as required by law and because no evidence was presented in support of the final account of the guardian and because the account was never approved as required by law. The appellant prayed that the orders mentioned be set aside and the final account of the guardian be restated.

The guardian waived service of citation and entered his appearance in the county court. The New Amsterdam Casualty Company, the appellee herein, filed a general demurrer and general denial and specially excepted to appellant's petition on the theory that the two year statute of limitation was a bar to the right of the appellant to prosecute his bill of review.

The plea of limitation was sustained by the county court and the suit dismissed. From that judgment the appellant, W. Edd Parmley, appealed to the District Court of Donley County, Texas.

In the district court the appellant filed an amended petition on March 18, 1940, in which he made substantially the same allegations as he made in the county court and sought the same relief. However, in such amended petition he failed to allege the date he attained his majority, merely alleging that he was then of age; and this allegation, the appellee asserts, was added in pen and ink after the capacity of the appellant to maintain the suit was challenged in the district court. On April 13, 1940, the New Amsterdam Casualty Company filed an amended original answer for itself and on behalf of J. W. Parmley, the guardian. In addition to the same plea

of limitation urged in its former answer, the appellee specially excepted to appellant's amended petition on the ground that it did not sufficiently show that the appellant was not disqualified by his minority to maintain the suit. Thereupon, the appellant filed a supplemental petition in which he challenged the right of the appellee to answer for the guardian and denied the right of the attorneys for the appellee to appear in the guardian's behalf. J. W. Parmley also filed an answer in the district court in which he confessed the justice and equity of appellant's cause of action; denied the right of appellee's attorneys to represent him; agreed that judgment might be rendered against him setting aside the three orders about which the complaint was made; agreed that his final account as guardian might be restated to the effect that he had received $1,000 as guardian of the ward; agreed that there were no lawful credits on such account except the premium of the guardianship bond in the sum of $100; and further alleged that during the guardianship he was able to support his child, W. Edd Parmley, without recourse to the funds of the estate of the minor, and confessed judgment in accordance with his answer.

On April 13, 1940, in a hearing in the district court, the court sustained both of the exceptions of the appellee above mentioned, that is, the one challenging the right of the appellant to prosecute the suit because his amended petition allegedly failed to sufficiently show his majority and the other with reference to the two year statute of limitations as a bar to the relief sought; and thereupon dismissed the suit. It is from this judgment that the appeal is prosecuted to this court.

At the outset it should be stated that in this suit there was no attack made upon any orders approving or disapproving the claims of third parties so as to bring this case within the prohibition against a bill of review to revise or set aside such orders as expressed in De Cordova et al. v. Rogers, 97 Tex. 60, 75 S.W. 16, and more recently reannounced in Jones et al. v. Wynne et al., 133 Tex. 436, 129 S.W.2d 279.

It is our opinion the determination of the question of limitation will dispose of the controlling issue in this appeal. The trial court's judgment in this respect was based upon the appellant's allegation in his original petition that he became of age

on December 27, 1936, which was more than two but less than four years before the original bill of review was filed in the county court. The chief controversy in this appeal is whether the two or the four year statute of limitation applies to appellant's suit. The appellee contends that the action comes within the provisions of article 932, Vernon's Annotated Civil Statutes. The appellant contends that such article has nothing to do with a bill of review proceeding brought under article 4328, Vernon's Annotated Civil Statutes, and contends that, since there is no specific limitation prescribed for such action, it is governed by the general limitation of four years as provided in article 5529, R.C.S. of 1925, Vernon's Ann.Civ.St. art. 5529. No contention is made by either party that limitation of any sort commenced to run against the appellant during his disability of minority.

Article 4328 is under the general subject of "Guardian and Ward" in the statutes and is as follows: "Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

Article 932 is under the general subject of "Certiorari" in the statutes and is as follows: "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

■ Upon examination of the present revision of the statutes it will be noted that article 932 was an Act of the Second Legislature of Texas of the date of March 16, 1848, which may be found in volume 3, Gammel's Laws of Texas (1847–1854), p. 107, 108. The original law was substantially the same as the present law except the original was in three divisions or sections (7, 8 and 9) and the body of the same used the term "writ of certiorari" and made it specific that certiorari was the sole subject of the decree. In the revised statutes of 1879, under the general subject of "Certi-

orari", the law was codified as article 290 and given substantially the same language as contained in the present statute, thereby omitting from the body of the article any reference to certiorari, but placed it in Title XIV, Chapter 1, under the subject of "Certiorari to the County Court". In the later revisions the article still remained under the general subject of "Certiorari". The law in its present form as article 932 is placed in Title 27 which deals exclusively with certiorari, and is found in that portion of Title 27 which deals with the subject of "Certiorari to the County Court". It is therefore apparent that the limitation of two years expressed in article 932 as it now exists concerns only writs of certiorari and could by no stretch of the imagination relate to a bill of review prosecuted under the provisions of article 4328.

Article 4328 is in precisely the same language as it was when it seems to have first appeared in the code of 1879, then as article 2717. There being no period of limitation expressed in the article itself, the limitation to such an action must necessarily be governed by some other article of the statutes. Article 2236, Vernon's Annotated Civil Statutes, could have no application here, since that statute deals only with default judgments rendered upon service of process by publication. A casual examination of article 5526, R.C.S. of 1925, Vernon's Ann.Civ.St. art. 5526, with its various subdivisions, will reveal that such an action as this is not embraced within any of the two year limitation clauses therein expressed. Nor do we find any other statute applicable to such a bill of review except possibly article 5529, which is the general limitation statute of four years.

We are compelled to admit that the authorities are not entirely in harmony on the question here presented. To the effect that such an action is barred within two years are the following authorities: McKinley et al. v. Salter et al., Tex.Civ.App., 136 S.W.2d 615; Murchison v. White et al., 54 Tex. 78; Best et al. v. Nix et al., 6 Tex.Civ.App. 349, 25 S.W. 130; Stillwell v. Standard Savings & Loan Ass'n, Tex.Civ.App., 30 S.W.2d 690; Jones v. Parker, 67 Tex. 76, 3 S.W. 222; Kleinecke v. Woodward, 42 Tex. 311; Miller et al. v. Miller et al., Tex.Civ.App., 53 S.W. 362, writ denied; McAnear et al. v. Epperson et al., 54 Tex. 220, 38 Am.Rep. 625; Fleming v. Seeligson, et al., 57 Tex. 524.

To the effect that the general limitation statute of four years controls this action are the following cases: Stewart et al. v. Robbins et ux. 27 Tex.Civ.App. 188, 65 S. W. 899, writ refused; De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; Nicholson v. Nicholson et al., 59 Tex.Civ.App. 357, 125 S.W. 965, writ refused.

We shall not attempt to discuss or distinguish the various holdings upon this issue. To do so would prolong this opinion beyond reasonable bounds. A casual examination, however, will reveal that some of the old cases by the Supreme Court in support of the two year period were apparently based upon a limitation statute which does not now exist. Suffice it to say that the more recent expressions which have the approval of the Supreme Court are to the effect that an action of this sort is governed by the general limitation statute of four years.

In De Cordova et al. v. Rogers, 97 Tex. 60, 75 S.W. 16, 18, Chief Justice Gaines, speaking for the Supreme Court, relative to article 4328 (then article 2799) said: "It would seem that this provision must of necessity be subject to some limitation. For example, it was hardly contemplated that the action of the court in appointing a guardian would be subject to be revised many years after the appointment has been made. We have not found that the statute prescribes any special limitation as to the time in which the suit may be brought. The general limitation of four years would probably apply, but minors are excepted during the period of their disability."

The case of Stewart et al. v. Robbins et ux., 27 Tex.Civ.App., 188, 65 S.W. 899, 901, writ refused, was a suit similar in nature to the instant suit. It was brought under what is now article 4298 relative to compelling guardians to file an account for final settlement. Such article provides no period of limitation. In that case will be found a very interesting discussion of the question of limitation. The opinion of the court in that case referred to the holding of the Supreme Court in Murchison v. White, supra, and to that of the Court of Civil Appeals in Best v. Nix, supra, and indicated such holdings were based upon a statute which had not been carried forward in the Revised Statutes. From the Stewart v. Robbins case we quote: "Plaintiffs in error insist that the defendants in error are subject to the two-year statute of limitation. If so, it is clear that Grace

Robbins was barred of the remedy of which she sought to avail herself at the time of the institution of this suit. We are of opinion, however, that it is the four and not the two year statute of limitation that must be applied to the facts of the case. In Murchison v. White, 54 Tex. 78, and in McAnear v. Epperson, [54 Tex. 220] 221, 38 Am.Rep. 625, it was held that proceedings similar to the one before us were barred in two years; and the rule was so applied by the court of civil appeals of the Third district in the case of Best v. Nix, 6 Tex.Civ.App. 349, 25 S.W. 130. These cases, however, are evidently based upon former statutes not now in force. Article 4616, Pasch Dig., provided that 'no * * * bill of review shall be granted by any decree * * * after two years from the time such judgment or decree shall have been made final,' but this does not seem to have been carried forward into our present Revised Statutes. The statute upon which the original complaint herein is based provides that, should the guardian fail to file his account for final settlement at the proper time, any one interested in the estate may cause him to be cited to do so. The time within which such interested person may so do is not specified, nor has the statute fixed specifically a time within which original suits to set aside final judgments may be filed. So that we think we must apply the rule prescribed in article 3358, to the effect that 'every action * * * for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterwards.'"

The case of Nicholson v. Nicholson et al., 59 Tex.Civ.App. 357, 125 S.W. 965, 967, writ refused, was a bill of review to revise and correct the final settlement of the guardian therein. On the question of limitations in such cause it is said: "The statute does not prescribe the time in which the court shall or shall not exercise the power. It has been ruled, however, that general limitation statutes would apply to the right of applicants to file the bill. De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16. This ruling is persuasive that the court has the power to review the final settlement at any time after the entry of the order before the bar of limitation is complete."

We are frank to state that had it not been for the Supreme Court's action in the denying of a writ of error in Miller et al.

v. Miller et al., Tex.Civ.App., 53 S.W. 362, we would have had little difficulty in deciding that the general limitation statute of four years governs this proceeding. The other cases relied upon by the appellee are either the old cases of the Supreme Court when there apparently existed a two year statute of limitation applying to all bills of review, or they are cases which do not have the express approval of the Supreme Court. But there can be no doubt that the Miller case was decided after the old law regarding bills of review was, in effect, repealed. From the Miller case we find this succinct language (53 S.W. page 363): "A bill to review the proceeding of the probate court in a guardianship can be brought by the minors before the expiration of two years after reaching their maturity."

It must be noted that the above statement from the Miller case does not specifically say that the suit may not be brought after two years have expired but merely states that it can be brought within two years. However, the authorities cited in support of the statement are to the effect that the suit is barred in two years, and the import of the statement would be to exclude a greater period of limitation than two years. A singular thing about the Miller case is that regardless of the specific pronouncement made by the court it upheld the recovery of both minors therein when the facts recited showed that one of them had been of age more than two years before the suit was filed; but recovery may have been allowed upon the theory that the other minor could maintain the suit in behalf of both of them. At any rate, the Stewart case, the De Cordova case and the Nicholson case are later decisions than the Miller case, all of which have been under the supervision of the Supreme Court and received its approval. We are therefore constrained to hold that the action herein is not governed by the two year statute of limitation, but is governed by the general limitation statute of four years. Such being true, it follows that the trial court erred in sustaining the limitation plea of the appellee herein.

In view of another trial we deem it expedient and sufficient to state that in our opinion the record presented failed to establish any disability of appellant with reference to minority. Hence, he was not thus disqualified to prosecute this suit. We are further of the opinion that under this record the appellee was authorized to defend this suit.

The judgment is reversed and the cause remanded.