[Opinion adopted October 24, 1884.]

E. B. SMYTHE v. WILSON LUMPKIN, GUARDIAN.

(Case No. 1705.)

1. ALLOWANCE OF ATTORNEY'S FEES TO GUARDIAN.— The court has no power under the statute (R. S., art. 2700) to allow a guardian attorney's fees for prosecuting against his ward's estate an unfounded claim.

2. LIABILITY OF GUARDIAN — STATUTE CONSTRUED.— The statute (R. S., 2567) which declares that the guardian shall be liable for the principal and legal interest of the ward's estate which he fails to invest or loan, when, by reasonable diligence, he could have invested or loaned it, is imperative; it was intended to secure the faithful administration of estates, and the courts cannot disregard its plain provisions.

3. SAME.— So also the statute (R. S., 2549) which provides that the guardian shall not, without the direction of the court, expend for the maintenance and education of the ward more than the clear income of his estate is mandatory, and cannot be disregarded by the courts in allowing advances improperly made in violation of its provisions, as a charge against the ward's estate.

APPEAL from Anderson. Tried below before the Hon. James J. Perkins.

On the 20th day of June, 1883, Wilson Lumpkin, as the guardian of the estate of Wm. H. Murchison, a minor, filed his final account, because his ward had departed this life. The only heirs of the minor's estate were Walter and Benjamin Murrell, minors, of whose estate E. B. Smythe was guardian. E. B. Smythe, guardian, contested the final account.

On February 11, 1884, the county court passed on the account, restated it, and passed an order approving it as restated by the court. From the judgment, restatement, etc., E. B. Smythe, guardian, appealed to the district court.

On the 31st day of May, 1884, the case was tried in the district court. The judge, at the request of the parties, found and filed some conclusions of fact and conclusions of law, and thereupon restated the account, and rendered judgment that Wilson Lumpkin pay over to E. B. Smythe, guardian, the sum of $865.50 (less $75 and interest, ordered to be paid to Geo. A. Wright, and the cost of the proceeding in both courts), and deliver to him all the estate of W. H. Murchison, deceased, and that the decree be certified to the county court for observance. E. B. Smythe, guardian, excepted to the findings and conclusions of fact and law, and the judgment thereon, and appealed.

*Greenwood & Gooch*, for appellant.

*T. J. Williams*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This cause comes before us without any statement of facts, but there are certain conclusions of fact and of law found by the court, in which we find sufficient statements of fact to authorize the revision of some of the points decided in the court below. In reference to some other findings we have the conclusions of law alone.

There is no such statements of fact in the first, second, third and fourth findings as will enable us to determine whether the conclusions of law reached are correct or not.

There are no facts showing whether the allowance of the attorney's fee for making out the guardian's final account was authorized or not, and, in this state of the record, the presumption is that this item, as well as those named in first, second, third and fourth findings, were properly disposed of by the court below.

The fifth finding shows that the court below allowed to the appellee an attorney's fee of $50, and that this fee was allowed for the services of the attorney in attending to the contest between the parties which is the matter presented by the appeal in this cause.

The question contested was decided in the court below adversely to the guardian, Lumpkin, and we are of the opinion, as the question is presented, that the court below erred in making this allowance to him. The allowance was made upon the ground that the guardian was asserting against his ward's estate, in good faith, a claim which could not be allowed. We know of no statute giving to a guardian in such case the right to attorney's fees. Art. 2700, R. S., provides for attorney's fees in cases of guardianship, and declares that "all reasonable attorney's fees necessarily incurred in the management

of such guardianship shall be allowed." An attorney's fee for prosecuting against a ward's estate an unfounded claim certainly cannot be deemed an expense necessarily incurred in the management of the guardianship.

It would seem that such claims should not stand on higher grounds than ordinary costs, in reference to which the law regulating guardianships declares that " In all cases where a party shall make any application or opposition, and on the trial thereof he shall be defeated, all costs occasioned by such application or opposition shall be adjudged against such party by the court." R. S., 2703.

The court in the sixth conclusion of fact found that from September 1, 1881, the guardian had held as surplus funds of his ward's estate the sum of $727.25, which he had neglected to loan, though he might have done so by the use of reasonable diligence, and on the facts, as matter of law, held that the guardian was only liable for the principal sum and interest on it at the rate of eight per cent. per annum from September 1, 1881, to May 31, 1884.

The statute declares: "If the surplus money in the hands of the guardian belonging to the ward cannot be invested or loaned at interest as directed in this chapter, after due diligence to do so by the guardian, he shall be liable for the principal only of such money. But if the guardian neglects to invest such money or loan the same at interest when he could do so by the use of reasonable diligence, he shall be liable for the principal and also for the highest legal rate of interest upon such principal for the time he so neglects to invest or loan the same." R. S., 2567. The highest legal rate of interest under the laws of this state is twelve per cent. per annum.

The statute is imperative, and is intended to stimulate the diligence of guardians and to secure in favor of wards a faithful administration of their estates, and the courts have no power to disregard its plain provisions.

The seventh finding of fact justified the conclusion of law made upon it.

The court found, as a fact, that the guardian had expended money in excess of the income of his ward's estate for the education and maintenance of his ward, and that this was done without direction of the county court for Anderson county (the court in which the guardianship was pending), and without the direction of any other court, but that the expenditure was not unreasonable, but on the contrary proper and judicious, and therefore held that the guardian was entitled to a credit for the sum thus expended.

The statute provides that: " The court may direct the guardian

of the person to expend for the education and maintenance of his ward a specific sum, although such sum may exceed the income of the ward's estate; but without such direction of the court the guardian shall not be allowed, in any case, for the education and maintenance of the ward, more than the clear income of the estate." R. S., 2549.

This statute is plain and imperative, and it was error for the court to disregard it. If there be cases not subject to its operation they are not shown by the record.

The record before us, however, is very defective, and it may be that there is something in the will of the father of the ward by which the guardian seems to have been made the independent executor, which conferred on him as executor powers through which he might expend, without the direction of any court, sums in excess of the income of the ward's estate.

The errors pointed out will require the reversal of the judgment; but the record is so defective, that an inspection of it renders it highly probable that justice and right between the parties would not be attained by here rendering judgment upon the record as it is, and the cause will be remanded that the facts may be fully developed.

The guardian seems to have been the independent executor of the will of the father of his ward, and in the petition in this case it is stated that the ward has no estate except such as is derived under the will of the father, which gave to the guardian, as executor, the power to furnish funds for the education and support of the ward.

The will, however is not found in the record in this cause.

It appears further from the petition, that the estate of the father of the ward is still in his hands, not fully administered, and still liable in the hands of the executor for an indebtedness of the estate amounting to about $9,261.87, and that until the debts of the estate are paid it cannot be told what property the ward will be entitled to, it being averred that all the property in which the ward has an interest is subject to the debts due by his father's estate.

It is further rendered probable by the record before us, that the accounts of the executorship and of the guardianship have become confused, and that there have been moneys expended which really belonged to the estate of the father of the ward, which have been treated as funds of the ward's estate, loaned to the executor, and used for the benefit of the estate of the father. Inquiry should be made into these matters, and if it be found true that the property in which the ward has an interest upon the settlement of the estate of his

father is still in the hands of his guardian, as executor, under his father's will, then that estate should be settled before it can be ascertained what really does belong to the ward's estate, or what the liability of the guardian to his ward's estate is.

That full inquiry may be made into the merits of the case, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 21, 1884.]