# APRIL, 1906.

### J. M. Logan v. Bessie Gay.

No. 1512. Decided January 9, April 2, 1906.

**1.—Guardian—Judgment on Claim.**

A claim against the estate of a minor having been duly presented to and allowed by the guardian, entered on the claim docket, and its approval by the court also entered on such docket and indorsed on the claim by the county judge, was thereby established as a judgment against the estate, which the guardian was protected in paying, though no order was entered on the minutes except as stated. (P. 604.)

**2.—Guardianship—Support of Minor.**

A claim for the support of a minor prior to the appointment of a guardian was not governed by article 2630, Revised Statutes, forbidding the corpus of the estate to be used for the maintenance of the minor unless directed by previous order of the court, that article applying only to expenditures during the guardianship. De Cordova v. Rogers, 97 Texas, 60, limited. (Pp. 604, 605.)

**3.—Guardian—Liability for Interest.**

The statute making guardians liable for interest at ten percent on money of the wards which they have neglected to lend out (Rev. Stats., art. 2648) does not apply to money retained after they should have accounted to the ward on his coming of age (Rev. Stats., art. 2764). Upon this the guardian can not be held for more than legal interest. (P. 605.)

ON REHEARING.

**4.—Guardian—Appeal—Jurisdiction.**

A guardian who appeals from an order of the court restating his final account, and refusing a credit claimed by him, was not appealing in his fiduciary capacity, and was required to give bond. The Appellate Court acquired no jurisdiction where he gave none; and, though the point was first raised on motion for rehearing on a judgment in his favor in the Supreme Court, such judgment was set aside and the appeal dismissed. (Pp. 605, 606.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from Tarrant County.

*O. T. Moreland* and *Theodore Mack,* for plaintiff in error.

*Wm. J. Berne,* for defendant in error.

WILLIAMS, Associate Justice.—This cause originated in the Probate Court of Tarrant County in the settlement of the final account of

plaintiff in error as guardian of the estate of the defendant in error, which was contested by the latter, who had become of age.

The cause was carried by appeal from the judgment of the County Court to the District Court, and from its judgment both parties appealed to the Court of Civil Appeals; and from the judgment of that court, both have applied to this court for writ of error.

Only one point is urged by Logan against the judgment, which is the disallowance of a credit for $250, which sum was paid by him on a claim for the support of his ward to her mother. The record gives a very meager account of the transactions but enough is admitted and found by the Court of Civil Appeals to satisfy us that the credit should have been allowed. It appears that the guardian was appointed July 7, 1897, and the claim for $400 was duly presented for allowance on the same day and was allowed by him and duly entered on the claim docket. Shortly thereafter it was approved by the court for $250, and the approval was, by the county judge, duly entered on the claim docket and endorsed on the claim and the amount allowed was paid by the guardian in August, 1897. The action taken by the court established the claim as a judgment against the estate of the ward and made it the duty of the guardian to pay it. Rev. Stats., arts. 2714, 2717, 2719, 2723, 2730; DeCordova v. Rogers, 97 Texas, 60.

The decision referred to was made by a special court composed of the chief justice and two special associate justices, but it expresses fully and satisfactorily our reasons for holding that, under the statutory provisions referred to and those on the same subject regulating administrations, the action taken on the claim was all that was needed to establish it, no order on the minutes in addition to that on the claim docket being required. The action of the court thus establishing it could not thereafter be questioned except by the direct revisory proceeding provided by statute. The guardian and everyone else was bound by it. Eastland v. Williams, 92 Texas, 113, and cases cited.

But it is claimed that, though this be true, the guardian can not, under article 2630, be allowed credit for the sum thus paid, because it was paid out of the corpus of the estate, the income being insufficient, without a previous order of the court directing him to so use the money. The provision referred to very clearly has no application to valid claims against the minor, existing before the appointment of the guardian, but refers to expenditures to be made by the guardian during the guardianship for the education and maintenance of the ward. Before the commencement of guardianships, courts can make no orders for the maintenance of minors, but, they must nevertheless have food, clothing and other necessaries, and persons who supply them are entitled to be compensated out of their property. Claims thus arising constitute debts against the estates of the minors and may be established and paid when guardians are appointed. The provision referred to has no sort of application to such claims, but regulates only the conduct of the guardian while he is acting as such in providing for the education and support of the ward.

The claim asserted by Mrs. Gay must have been for the support of her daughter before Logan was appointed guardian, since it was pre-

sented on the day of his appointment and approved by the court so soon after as to show that it must have accrued before. It may or may not have been a proper charge against the estate (Kendrick v. Wheeler, 85 Texas, 252), but no effort was made by the contestant to inquire into that, and it is now too late to do so upon the mere objection urged to the account of the guardian. The establishment of the claim by the judgment concludes inquiry as to its justness except in the revisory proceeding prescribed.

At the conclusion of the opinion in DeCordova v. Rogers, supra, it is assumed that article 2630 applies to claims for support and maintenance accruing in favor of third persons before the opening of guardianships, but apparently the point was not maturely considered and the difference between such claims and expenditures made by guardians pending guardianship evidently did not occur to the court deciding that case.

The other cases relied on, applying article 2630, involved expenditures during guardianship: Blackwood v. Blackwood, 92 Texas, 478; Smythe v. Lumpkin, 62 Texas, 242; Jones v. Parker, 67 Texas, 76; Read v. Henderson, 45 S. W. Rep., 412; Eastland v. Williams, 57 S. W. Rep., 78; Allen v. Stovall, 62 S. W. Rep., 87; Wheeler v. Duke, 67 S. W. Rep., 909.

The judgment of the Court of Civil Appeals will be so corrected as to allow the credit claimed by the guardian.

The District Court held that the guardian should have accounted to his ward and delivered to her the money in his hands at the first term of the Probate Court after her majority, and that, having failed to do so, he was liable for interest from that time at the legal rate, and this was affirmed by the Court of Civil Appeals. The guardian does not complain of this but the ward contends that the rate of interest should have been fixed at ten percent, relying on the statute which makes guardians liable for that rate for failure to lend the money of the wards in their hands when they can do so with proper diligence. We agree with the Court of Civil Appeals that the statute applies to money which the guardian is entitled to hold and does hold during his administration of the estate, and not to that which it is his duty to deliver to his ward immediately upon settlement. (Rev. Stats., 2764.) When the time arrives for such delivery, the ward is entitled to demand and receive the money and it is not contemplated that it should be withheld by the guardian for purposes of investment. If for still withholding it he should be charged a higher rates of interest than other persons are charged for detaining money which does not belong to them, the statute does not so provide.

### ON MOTION FOR REHEARING.

The motion for the first time calls attention to the fact that in attempting to appeal from the District Court to the Court of Civil Appeals, plaintiff in error gave no appeal bond, and asks that the judgments of this court and of the Court of Civil Appeals be set aside and that the appeal be dismissed. The statutes and decisions in this state

leave no doubt of the right to thus raise the objection at this late day. El Paso & N. E. Ry. Co. v. Whatley, 87 S. W. Rep., 819, and cases there cited; Halloran v. Texas & N. O. Ry. Co., 40 Texas, 466.

The condition of the law is not a creditable one which permits a party, who has voluntarily submitted the cause as if an appeal had been duly taken, to two courts having jurisdiction over appeals and writs of error in causes of the class to which the particular case belongs, to thus attack the jurisdiction of both courts, upon such a ground, after a final decision adverse to him has been given, and it is perhaps needless for us to say that nothing but the fact that the rule is too firmly settled to admit of question induces us to sustain this motion. If a change is to be made it should come from the Legislature, by which such provision might easily be made that appellees and defendants in error appearing in the Appellate Courts should be required to raise such objection before submitting their causes for decision, or be held to have waived the right to object.

The defendant in error did not appeal in his "fiduciary capacity" from the judgment of the District Court, and hence was required by articles 1400, 1401, 1402 and 1408 of the Revised Statutes to give bond or make affidavit in lieu thereof as other appellants.

The motion will therefore be granted and the judgments of this court and Court of Civil Appeals will be set aside and the appeal dismissed.

Opinion filed April 2, 1906.

*Dismissed.*