YATES v. WATSON et al. (No. 571.)*

(Court of Civil Appeals of Texas. El Paso.
May 25, 1916. Rehearing Denied
June 22, 1916.)

1. GUARDIAN AND WARD ☞165 — ACCOUNTING AND SETTLEMENT—REVIEW.

Under Rev. St. 1911, art. 4300, a bill of review is proper to correct errors in orders of county court approving guardian's final report and account on his application for discharge and may be entertained at any time after final order of discharge until barred by statute.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 531–537; Dec. Dig. ☞165.]

2. GUARDIAN AND WARD ☞58 — CHARGES AGAINST ESTATE — EXPENSES PAID BY GUARDIAN PRIOR TO APPOINTMENT.

Under Rev. St. 1911, art. 4131, requiring authorization for payments out of the principal of a ward's estate, a guardian cannot recover expenses paid by him prior to his appointment and never filed and approved by the court, although allowed and approved on his final account.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 264–282; Dec. Dig. ☞58.]

3. GUARDIAN AND WARD ☞58 — EXPENSES CHARGEABLE TO ESTATE—BURIAL EXPENSES OF FATHER.

The estate of a minor ward is not chargeable with burial expenses of the father of such ward.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 264–282; Dec. Dig. ☞58.]

4. APPEAL AND ERROR ☞1011(1)—FINDINGS OF COURT—CLAIMS ALLOWED AGAINST MINOR'S ESTATE.

The finding of the trial court under conflicting evidence on disputed claims allowed the guardian of a minor's estate is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3988; Dec. Dig. ☞1011(1).]

5. GUARDIAN AND WARD ☞54 — DUTY OF GUARDIAN TO INVEST MONEY — LIABILITY FOR INTEREST.

Under the statute, where the guardian of a minor's estate by the exercise of due diligence could have loaned funds and failed to do so, he is chargeable with interest thereon at the highest legal rate.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 242–253; Dec. Dig. ☞54.]

6. APPEAL AND ERROR ☞597(1)—CROSS-ASSIGNMENTS OF ERROR — OBJECTIONS — SUFFICIENCY.

Under rule 101, District and County Courts (159 S. W. xi), cross-assignments of error need not be copied in the transcript, and an objection that they were not filed in the trial court, without other showing, is not sufficient to prevent their consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2627–2631, 2635–2638; Dec. Dig. ☞597(1).]

7. GUARDIAN AND WARD ☞58—LIABILITY OF GUARDIAN — ATTORNEY'S FEES PAID WITHOUT AUTHORITY.

Where the guardian upon appointment paid a reasonable attorney's fee due for collection of personal injury compensation constituting the estate, which amount was never inventoried as part of the estate, he was not liable therefor, although such payment was never approved by the court.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 264–282; Dec. Dig. ☞58.]

8. GUARDIAN AND WARD ☞58 — EXPENSES CHARGEABLE AGAINST ESTATE—CLAIMS NOT FILED AND APPROVED.

Traveling expenses of the guardian, not verified, filed, and approved by the county court, are not chargeable against the minor's estate.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 264–282; Dec. Dig. ☞58.]

9. GUARDIAN AND WARD ☞58 — EXPENSES CHARGEABLE AGAINST ESTATE — COSTS IN OTHER COURTS.

Court fees and costs in other courts retained out of money belonging to ward's estate are properly chargeable by the guardian against the estate of the ward, though not filed nor approved.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 264–282; Dec. Dig. ☞58.]

Walthall, J., dissenting in part.

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Bill by Mrs. N. K. Watson and others against I. H. Yates to revise and reinstate the final account of defendant as guardian. From a judgment reinstating certain items of such account, both parties appeal; Yates being herein called appellant. Reformed and affirmed.

Cunningham & Oliver, of Abilene, and Hunt, Myer & Teagle, of Houston, for appellant. Scott W. Key and W. H. Murchison, both of Haskell, for appellees.

WALTHALL, J. Appellees, Mrs. N. K. Watson, joined pro forma by her husband, J. T. Watson, as next friend for her minor children, Guyton Ray Wilson, Ikie Avoca Wilson, and Willie Malinda Wilson, and Mrs. Ola May Treadwell, née Wilson (joined pro forma by her husband, E. D. Treadwell), filed a bill of review in the county court of Jones county for the purpose of revising and restating the final account of appellant, I. H. Yates, as guardian of the estates of Ola May Treadwell, née Wilson, Guyton Ray Wilson, Ikie Avoca Wilson, and Willie Malinda Wilson, minors. The bill of review came on to be heard in the county court of Jones county and resulted in a judgment restating certain items of the guardian's account, from which both parties appealed to the district court of Jones county. Upon the trial of the cause in the district court, judgment was rendered removing appellant, Yates, from the guardianship of the estates of said minors, and ordering that he pay to the guardian of three of the estates three-fourths of $1,745.81, being the amount of the principal and interest found to be due the estates of said minors, and ordering that one-fourth of said sum be paid to Mrs. Ola May Treadwell.

The issues presented here can more readily be understood by reference to the findings of fact and conclusions of law made by the trial court, which are as follows:

"(1) On the 5th day of November, 1904, W. B. Wilson was killed in an accident while working for the St. Louis & San Francisco Railway Company, as an employé on its line of road.

"(2) He left surviving him his widow, Mrs. N

K. Wilson (who subsequently married J. T. Watson, and who is plaintiff herein as next friend for her minor children), and his four minor children, Ola May Wilson, aged about eight years, Guyton Ray Wilson, aged about five years, Ikie Avoca Wilson, aged about two years, and Willie Malinda Wilson, who was born on June 16, 1905, after the death of her father.

"(3) That the said W. B. Wilson left no estate and no money, and that neither Mrs. N. K. Wilson, the widow, nor said minors, had any ready money, and no estate except the claim for unliquidated damages against said railroad company for negligently causing the death of their husband and father, and I. H. Yates, father of Mrs. Wilson and grandfather of the said minors, paid the funeral expenses of W. B. Wilson out of his own funds, which amounted to $131.10, and were reasonable.

"(4) After the death of W. B. Wilson, Mrs. N. K. Wilson, acting for herself and as next friend for her minor children, employed Wolf, Hare & Maxey, a firm of attorneys at Sherman, Tex., to bring suit against the said railway company for damages sustained by her and her said four minor children by reason of the death of the said W. B. Wilson. That in said contract of employment, which was in writing, it was agreed that the said attorneys should receive for their compensation one-third of the amount recovered by them from said railroad company for damages sustained by her and her said four minor children by reason of the death of the said W. B. Wilson. That in said contract of employment, which was in writing, it was agreed that the said attorneys should receive for their compensation one-third of the amount recovered by them from said railroad company, and at the time said contract was made said minors had no estate except their claim against the railroad company and had no guardian of their estates.

"(5) That pursuant to said contract of employment said attorneys thereafter filed suit in the United States court at Sherman, Tex., on behalf of the said Mrs. N. K. Wilson and her four minor children, for damages sustained by them by reason of negligence in causing the death of their husband and father, against said railway company, and on the 4th day of June, 1906, in said court a judgment was rendered in favor of the said Mrs. Wilson for $2,000 and in favor of the said four minors for $4,000; and said judgment providing by its terms that the defendant railway company should pay the said $4,000 adjudged to said minors into the registry of the said court, to be paid out only upon the order of the court, and on the 27th day of June, 1906, said railway company did pay into the registry of said court the sum of $4,013.75 for said minors, being the principal and accrued interest on said judgment in favor of said minors.

"(6) On the 7th day of June, 1906, the said I. H. Yates made application to the county court of Jones county, Tex., for letters of guardianship on the estates of said minors, and was on the same day appointed temporary guardian of their estates; the order of appointment reciting that the same should become permanent at the next regular term of said court unless the same was contested. On the 3d day of July, 1906, the said Yates duly qualified as the guardian of the estates of said minors, and at the September term of said court, which convened on the 3d day of September, 1906, the guardianship became permanent, but no court has ever appointed any guardian of the person of said minors.

"(7) On the 9th day of August, 1906, the said Yates, as guardian aforesaid, filed his application in the federal court at Sherman, Tex., setting forth his appointment as guardian of the estates of said minors, and praying for an order of court directing and authorizing the clerk of said court to pay to him as such guardian the said sum of $4,000 and interest thereon, which had theretofore been paid into the registry of said court by the railway company for the minors, and on the same day said court made an order authorizing and directing the clerk to pay to said Yates, as guardian, the moneys in the registry of said court belonging to the said minors after deducting and retaining the commissions allowed by law to the clerk upon said fund, which was one per cent. of the amount thereof, or $40.13.

"(8) On the 10th day of August, 1906, pursuant to said order, the clerk of said court paid to the said Yates, as the guardian of said minors, the money belonging to said minors in the registry of said court, by issuing a warrant upon the funds in the registry of said court in the sum of $3,973.62, payable to the order of I. H. Yates as guardian of the estates of Ola May Wilson, Guyton Ray Wilson, Ikie Avoca Wilson, and Willie Malinda Wilson, which warrant was countersigned by the judge of said court, and indorsed on the back thereof, 'I. H. Yates, guardian,' and being the stamp of a bank at Sherman, Tex., showing the same to have been paid on August 10, 1906, and being for the full amount of the funds belonging to said minors in the registry of said court, less the commissions due said clerk of $40.13. That said warrant was delivered to said Yates and accepted by him, and he also signed a receipt to the clerk of said court acknowledging the payment to him as guardian of the estates of said minors of said sum of $3,973.62.

"(9) That immediately after said warrant came into the hands of the said Yates for $3,973.62, he paid to the firm of Wolfe, Hare & Maxey one-third of said amount out of the funds belonging to said minors, which payment was made in compliance with the contract made by Mrs. Wilson, the mother of said minors, with said attorneys, agreeing to pay them one-third of the recovery as their attorney's fees, in compensation for their services in recovering the same. That the fee so paid said attorneys was a reasonable one, and the services rendered by them were necessary to recover the judgment in favor of said minors, and was a just claim against their estates. That the said firm of attorneys did not file any claim for their said fees with I. H. Yates, as guardian of the estates of said minors, and the same never allowed by the guardian in any manner except by the payment of same as aforesaid, and it was never placed on the claim docket or approved by the court, and no order was ever entered of record by the probate court approving the same.

"(10) That the said I. H. Yates and Mrs. N. K. Wilson jointly looked after the prosecution of the suit against the railway company at Sherman, Tex., for the said Mrs. Wilson and her minor children, and the said Yates expended the sum of $38.20 in traveling from his home in Jones county, Tex., to Sherman, Tex., making at least two trips to Sherman, one of which was on or about August 10, 1906, for the purpose of receiving the money belonging to said minors as aforesaid. He also paid the expenses of Mrs. N. K. Wilson from Jones county, Tex., to Sherman, Tex., for at least one trip for which he made no claim against the estates of the minors. That the sum of $38.20 so expended by him for traveling expenses was reasonable and necessary in looking after the prosecution of the suit of his daughter Mrs. Wilson and her minor children against said railroad company. That, after his appointment as guardian, the said I. H. Yates did not file his verified account for such traveling expenses in the probate court of Jones county, and the same was never entered on the claim docket nor approved by the court in any manner.

"(11) That from the death of W. B. Wilson on November 4, 1904, to the time that I. H. Yates qualified as guardian, and thence to May 25, 1908, the said Mrs. Wilson and her four minor children lived in the home of the said I. H. Yates, who resides in Stith, Tex., a small village in the rural portion of Jones county, Tex., where said minors were fed, clothed, and treated by their grandfather, I. H.

Yates, as members of his own family, and were well provided for by him. That the mother of said children, Mrs. Wilson, during said time, assisted the members of the family of I. H. Yates (who had a wife and three children then at home) in their domestic duties, such as cooking, sewing, washing, and other household duties, and made some effort to earn money to assist in the support and maintenance of herself and her minor children; but the contribution by her for this purpose was slight, and the great burden of maintaining and educating said minors, and supporting their mother, was borne by the said I. H. Yates. That the said Mrs. Wilson shared with the said Yates the personal care and custody of said children. That on or about the 25th day of May, 1908, the said Yates removed the said Mrs. Wilson and her four minor children from his home in Stith, Tex., to Merkel, Tex., where they lived in a three-roomed house owned by him without paying any rent therefor, and the said Yates continued to feed and clothe them as before, and continued to treat them as members of his own family, furnishing them with all the necessaries of life, and providing for them in a substantial and comfortable manner.

"(12) That from the time of the death of W. B. Wilson, the father of said minors, to the date of the recovery of the judgment against said railway company, Mrs. N. K. Wilson and her said minor children were destitute and wholly dependent upon the said I. H. Yates for the necessaries of life.

"(13) That the said I. H. Yates, after his appointment as guardian of the estates of said minors, made application to the probate court of Jones county, Tex., for an allowance for him for the year embraced between the dates of June 1, 1906, and June 1, 1907, for the care, education, and maintenance of the said minors, and praying 'that an allowance of $480 per annum for the care, maintenance, and education of said minors be made by the court out of the funds now in his hands as such guardian.' That the court made an order for such an allowance, dated September ——, 1906, which was duly entered of record and is as follows, to wit: 'This day came on to be heard the application of I. H. Yates, guardian, for an allowance for the care, maintenance, and education of the said minors, Ola May Wilson, Guyton Ray Wilson, Ikie Avoca Wilson, and Willie Malinda Wilson, and, it appearing to the court that $480 per annum is a reasonable allowance for such care, education, and maintenance, it is therefore ordered, adjudged, and decreed by the court that the said I. H. Yates, guardian, be allowed for the care, education, and maintenance of the said minors, Ola May Wilson, Guyton Ray Wilson, and Willie Malinda Wilson, the sum of $480 per annum out of the funds now in his hands as such guardian, to be paid semiannually, as the law directs.' The court finds said amount to be reasonable and necessary.

"(14) That after the said I. H. Yates was appointed guardian, he did not authenticate his claim for care, maintenance, and education of said minors or either of them, accruing prior to his appointment as such guardian, and did not present the same to the probate court of Jones county, Tex., and the same was not put upon the claim docket, and was not in any manner approved by said court, and no approval of same was ever entered of record, except in his final account.

"(15) That after said Yates was appointed guardian he did not authenticate his claim for the funeral expenses of W. B. Wilson, and did not present the same to the probate court of Jones county, Tex., and the same was never placed on the claim docket nor in any manner approved by said court, and no approval of same was ever placed of record, except in his final account.

"(16) That after Mrs. Wilson married J. T. Watson and left the house of I. H. Yates and went with her minor children to live with the

said Watson, the said Yates made several payments to her for the support, maintenance, and education of her children, which payments aggregated the sum of $375.

"(17) That at the time the judgment was collected from the St. Louis & San Francisco Railway Company as aforesaid for said minors, the sum of $2,000 was also collected for Mrs. Wilson in the same suit and under the same contract with the attorneys as the $4,000 for the minors. Out of this $2,000 belonging to Mrs. Wilson, one-third was paid to her attorneys, and the remainder, approximately $1,333.33, was turned over to the said I. H. Yates by Mrs. Wilson. This entire sum was repaid to Mrs. Wilson after she married J. T. Watson in December, 1908, in two checks; one for $1,000 and the other for $338.

"(18) That in October, 1913, the county court of Jones county, Tex., passed an order requiring the said I. H. Yates to file an annual account as guardian of the estates of said minors, and duly cited him to appear and file the same.

"(19) That on December 15, 1913, the said I. H. Yates filed his final account as guardian of the estates of said minors, in obedience to said subpœna, which said final account is as follows:

"'No. 211. Guardianship of Ola May Wilson, Guyton Ray Wilson, Ikie Avoca and Willie Malinda Wilson, Minors. In the County Court, Jones County. To the Honorable Judge of Said Court: Comes now I. H. Yates, guardian of the above-named minors, and in obedience to the citation issued by this court on the 22d day of November, 1913, and served upon him, he makes and presents his report which he prays the court to receive and accept as his final report of said guardianship, same being as follows:

"'(1) No property, rents, revenues or profits have been received by the guardian belonging to his said wards during his guardianship save and except the sum of $2,666.66, which was received by him as the proceeds of a judgment collected on account of personal injuries which resulted in the death of the father of said minors, and is here debited to said guardian, $2,666.66.

"'(2) The disposition made of said money which came into the hands of said guardian is as follows:

| | |
|---|--:|
| To amount paid clerk of this court as costs of these proceedings | $ 10 80 |
| To amount paid as railroad fare from Merkel, Tex., to Sherman, Tex., two trips in obtaining and collecting the judgment above mentioned | 35 20 |
| To amout paid to hotel fare at Sherman, Tex., while attending to the collection of said judgment | 3 00 |
| To amount paid J. R. Wilson, undertaker, for services in connection with the burial of the father of said minors | 19 85 |
| To amount paid as attorneys' fees in these proceedings | 50 00 |
| To amount paid as commissions to the clerk of the federal court at Sherman, Tex., for receiving and keeping the funds belonging to said minors, being the proceeds of said judgment | 60 00 |
| To amount paid Street & Harper Furniture Company for casket, box, burial robe and embalming the deceased father of the minors | 111 25 |
| To amount paid for board, care and schooling for three of said minors from November 5, 1904, to December 25, 1908, at $10 per month, each, as allowed by the orders of this court | 1,491 00 |
| To amount paid for care, board, and maintenance of one of said minors from birth, June 16, 1906, to December 25, 1908 | 423 00 |
| To amount paid Mrs. N. K. Wilson for the support, maintenance, and education of all minors since December 25, 1908 | 488 00 |
| Total paid out | $2,692 10 |
| To balance due guardian | 25 44 |

" '(3) There are no expenses or debts against the estate of said minors remaining unpaid known to the guardian except the expenses due the guardian as above stated.

" '(4) No property of the estate of said minors remains in the hands of the guardian.

" '(5) The above shows fully and definitely the exact condition of said guardianship.

" 'Wherefore, the said guardian prays that the account and final report be filed, that citation be issued and served as required by law, and that inasmuch as said minors are not now in the custody of this guardian, and inasmuch as they have no property or estate to be administered in this court, and inasmuch as they are now in the custody of their mother in Haskell county, Tex., the guardian prays that his guardianship affairs be closed, that he be discharged without further liability in connection with the same, and that this final report, upon hearing, be accepted, allowed and approved.

" 'Respectfully submitted, I. H. Yates.

" 'State of Texas, County of Haskell.

" 'Before the undersigned authority on this day personally appeared I. H. Yates, guardian of the minors mentioned, who, after being by me duly sworn, deposes and says upon his oath that the foregoing account and report and all statements made therein are true and correct.

" 'I. H. Yates, Guardian.

" 'Subscribed and sworn to before me by I. H. Yates, guardian, on this, the 13th day of December, 1913.   C. B. Long, Notary Public, Haskell County, Texas.   [Seal.]'

"(20) That on December 18, 1913, citation by publication was issued on the above account as on a final account, returnable to the February term, 1914, of the county court of Jones county, Tex.   Said citation contained the statement that the guardian had made application for his discharge from his guardianship.   The return shows that it was published in the Western Enterprize, a newspaper published in Jones county, Tex., on January 23 and 30, and February 6 and 13, 1914.   There was no personal service on any of the minors.

"(21) That during the February term of court, 1914, the following order was duly made and entered of record by the court, viz.: 'No. 211. Guardianship of Ola May Wilson et al.   Be it remembered that on the 19th day of February, A. D. 1914, there came on to be heard and considered the final account and report of I. H. Yates, guardian in the above-styled and numbered cause, and it appearing to the court that citation has been duly served upon all persons entitled thereto with reference to and since the filing of said account and report, and the court having heard the evidence in support of and against the same, and from the evidence the court having found said account and report to be fair, just and correct, and having found that no property or money remain in the hands of said guardian belonging to the estates of said minors, or either of them, it is therefore ordered, adjudged and decreed by the court that said account and said report be, and the same is hereby in all things, approved, and the said I. H. Yates, guardian aforesaid, be, and he is hereby, discharged, and his said guardianship be, and the same is hereby, closed and the clerk of this court is hereby ordered and directed to enter this order to said effect upon the minutes of this court.'

"(22) That the said Yates filed no annual accounts or reports of his guardianship except the account and report hereinbefore set out.

"(23) That immediately after he qualified as guardian of the estates of said minors, the said Yates filed an inventory and appraisement of the estates of said minors, showing that the only estates owned by said minors was a two-thirds interest in the judgment rendered by the federal court at Sherman, Tex., in favor of said minors, and appraising their two-thirds at $2,666.66.   The one-third of said judgment which was paid over to the attorneys who recovered the same was never inventoried or appraised as a part of the estate of said minors, and no objection has ever been filed to said inventory and appraisement.

"(24) That from the time said guardian received the funds belonging to said minors, he has had on hand funds to the amount of $1,024.10, which by the exercise of due diligence he could have invested or loaned at the rate of 8 per cent. interest per annum; but the said Yates failed to invest or loan the same or any part thereof, the interest due being $73.15.

"(25) That there are no orders of the probate court authorizing the said I. H. Yates as guardian to expend any of the money belonging to the estates of his wards except the above-mentioned order allowing the guardian $480 per year for the care, maintenance, and education of the said minors.

"Conclusions of Law.

"First. The guardian, I. H. Yates, cannot be required, in his final account, to account for more than $2,666.66, as coming into his hands, because: (a) The inventory and appraisement show the estate of said minors to be two-thirds of the judgment rendered in their favor at Sherman, Tex., valuing their two-thirds at $2,666.66, and bill of review will not lie to disturb the inventory and appraisement of an estate of a minor;   (b) notwithstanding the evidence shows that the guardian actually collected $3,973.62 belonging to the estate of said minors, he should not be charged with said amount, because the evidence further shows that he paid out one-third of said sum to a firm of attorneys pursuant to a valid and binding contract made with said attorneys to pay them said one-third of the said amount; and (c) notwithstanding that the evidence shows that the guardian actually collected $3,973.62 belonging to the estate of said minors, he should not be charged with that amount, because the evidence further shows that he paid one-third of said amount to a firm of attorneys for obtaining a judgment in that sum for said minors, that the services of said attorneys were necessary, and the fee was a reasonable one, and therefore the claim of said attorneys against the estate of said minors was a just claim and could be paid by the said guardian without the order or approval of the probate court.

"Second. That the expenses of I. H. Yates in traveling from his home in Jones county to Sherman, Tex., in looking after the prosecution of the damage suit against the railway company, same amounting to the sum of $38.20, were just and lawful expenses chargeable against the estate of said minors and were properly allowable as a credit in his final account, the same being known to the guardian to be a just claim and approved by the court in the final order.

"Third. The claim of the said I. H. Yates for an allowance for the care, support, and maintenance of said minors prior to the date of his appointment as guardian cannot be allowed to him as a credit in his final account, because: (a) He has never filed a verified account for allowance of the same by the probate court; and (b) no order of the probate court has ever been made authorizing or approving any such claim, the amount deducted is $760.

"Fourth. That the order of the probate court of Jones county allowing the said I. H. Yates, guardian, the sum of $480 for the care, schooling, and maintenance of said minors, is a valid and binding order, and this court cannot inquire into the justness of such order, and by virtue of said order the guardian is entitled to be credited in his final account the amount so allowed by said order from and after date of said order.

"Fifth. That the payments made by the said guardian to the mother of said minors, amounting to the sum of $375, were made to her for and on behalf of the said minors, and the guardian should be allowed credit for same in his final report, as the law makes the mother of said children their natural guardian. That the $488 in the report is excessive to the extent of $113, leaving the $375 as entire to credit.

"Sixth. That the claim of the said guardian for the funeral expenses of their deceased father is not a lawful charge against the estate of the said minors and should not be allowed as a credit in his final account. This amounts to $131.10.

"Seventh. That it was the duty of the guardian to invest the surplus funds of his wards, and that if he failed to do so he should be charged with interest on such surplus funds at the rate which same could have been invested by use of reasonable diligence.

"Eighth. That it was lawful for the guardian to pay to the clerk of the federal court at Sherman, Tex., the sum of $40 as a commission on the funds of said minors held in the registry of the court, same being a just and lawful claim against the estate of said minors, and he is entitled to credit therefor, $20 deduced from report.

"Ninth. That the said I. H. Yates should be removed from the office of guardian of the estate of the minors, Guyton Ray Wilson, Ikie Avoca Wilson, and Willie Malinda Wilson, such removal to be made because the guardian has failed to make the probate court of Jones county, Tex., his annual reports of the condition of the estates of said minors as required by law, and because the said I. H. Yates has been guilty of gross neglect and mismanagement in the performance of his duties in regard to investing the funds of his wards as required by law. For errors appearing upon fact of judgment of probate court, the district court entertains this bill of review."

The appellant, in his first assignment, insists that the court was in error in revising and restating the final account of appellant as guardian of the estates of the minors, claiming that a judgment is conclusive against minors when the procedure prescribed by statute for obtaining the same has been duly complied with, the account and report formally and properly made as ordered, and the account approved and the guardian discharged. That the guardian having filed his final account with his application to be discharged, which was in legal effect a resignation of the guardianship, and the judgment approving said final account and discharging said guardian having been rendered upon due compliance with all requirements of the statute in reference to the resignation of guardians and the approval of their final accounts upon resigning and no appeal therefrom having been taken, such judgment is final and conclusive upon said minors and cannot be set aside in this proceeding.

[1] Appellees claim that, under article 4300 of the Revised Statutes of 1911, the final account of the guardian is subject to review in this proceeding. Article 4300 of the Revised Statutes reads as follows:

"Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment, shall be stayed except by writ of injunction."

We think there can be no doubt that a bill of review, after a final report of the guardian has been made and his account approved and the guardian discharged on his application for discharge, is a proper procedure, the one provided by the law, and goes to the question of error raised in the bill as to the orders of the court in the statement and approval of the final account. Nicholson v. Nicholson, 59 Tex. Civ. App. 357, 125 S. W. 965, we think is directly in point and conclusive of the question presented in this assignment. The bill of review undertakes to show error in the probate court's approval of the guardian's final account, on his application for a discharge. The question presented in this assignment is directed to the power of the court to entertain the bill after entry of final order of discharge of the guardian. We have reviewed the cases to which we have been referred by appellant in the very able brief filed in this court, but have reached the conclusion that the court has the power to review the final settlement of the question at any time after entry of the order of discharge and before the bar of the statute. The language of the statute, in our opinion, does not warrant the construction placed upon it by appellant in the assignment. De Cordova v. Rodgers, 67 S. W. 1043; Jones v. Parker, 67 Tex. 76, 3 S. W. 222; Janson v. Jacobs, 44 Tex. 573; Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117.

Appellant's second assignment asserts error in revising and restating certain items, namely, items $1,491 and $423, and, deducting therefrom the sum of $760, the said sum deducted being that portion of said two items charged by the appellant guardian for the support and maintenance of the minors prior to appellant's appointment as guardian, and covering a period of time prior to November, 1906, the uncontradicted evidence showing that from the time of the death of their father in November, 1904, until the recovery of a judgment in behalf of said minors on the 6th of June, 1906, neither the mother nor the minors had any money or other property, and that appellant, during said time, maintained and supported said minors at his own expense; that the expenses furnished were not shown to be unreasonable, but were shown to have been actually paid out by appellant.

In the third assignment, error is charged in revising and restating the item of $1,491 contained in the final account wherein appellant charged said sum for the support, maintenance, and education of said minors from the 4th of November, 1904, to the 25th of December, 1908; the evidence not showing that said item or any part of it was erroneous, unjust, or inequitable.

The fourth assignment claims error in restating item $423 contained in the final account, same being for the support and main-

tenance of one of said minors from its birth in June, 1905, to December, 1908, the evidence not showing the item erroneous, excessive, or unjust.

[2] The fifth assignment goes to the trial court's third conclusion of law, holding that appellant, as a matter of law, could not be allowed a credit for support and maintenance of the minors occurring prior to his appointment as guardian (the items found by the court to amount to $760), the ground of the holding being that the guardian had not filed his verified account for said expenses for allowance and the account had not been allowed and approved by the probate court, the evidence and finding of the court showing the amount charged to be reasonable and necessary, and that same had been approved by the probate court in the final account. There are cases holding, and properly so, that expenses paid by a person before receiving letters of guardianship are just claims against the estate of the ward. Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255. But we find none holding that such claims may be allowed where they were never filed and approved by the court, as required by the statute. To so hold would be to hold the statute for naught.

Before claims can be paid out of the principal of the estate, they must be expressly authorized. Article 4131, Revised Statutes 1911; Blackwood v. Blackwood, 47 S. W. 483.

The report discloses that the whole of this estate was expended and $25 more during the time intervening between May, 1904, and December, 1908; that the guardian has made no annual account; there are no receipts or vouchers to show for what the amount was expended, and the final account sets up a lump sum without any attempt to itemize it, that the wards might have a chance to investigate. If this sort of showing were held to be sufficient to divest the minors of their inheritance, it would leave them without protection.

Assignments 6 and 7 are directed to the action of the court in not allowing portions of items $1,491 and $423 of appellant's account, charged by the guardian for support and maintenance of the minors after the appointment of the guardian, for the reason that the probate court by the order of September, 1906, on his application for an allowance, did order that he be allowed the sum of $480 per annum out of the funds then in his hands, for the care, education, and maintenance of said minors.

A majority of the members of this court hold that appellant is not entitled to a credit for the item of $760 claimed by appellant for the support and maintenance of the children prior to his appointment as guardian, which was excluded by the trial court on his final accounting in the absence of a showing that his claim for the excluded items had been presented to the court, allowed, and approved. The record discloses no account other than the guardian's final account, for the excluded items, presented by the guardian to or allowed by the probate court. The majority are of the opinion that the item of $760 was properly charged against the guardian for the reasons stated in the trial court's conclusion of law No. 3. The writer of this opinion thinks that, under article 4130, Revised Statutes, under which the guardian of the estate must pay over to the guardian of the person of the minor, semiannually, a sufficient amount of money, to be fixed by the court, for the education and maintenance of the ward, and under article 4131, Revised Statutes, the sum not to exceed the clear income of the ward without the order of the court, the order of the court of September, 1906, was sufficient to authorize the guardian to expend the items for the purpose of the education and maintenance of the wards. In Freybe v. Tierman, 76 Tex. 286, 13 S. W. 370, I understand the Supreme Court of this state to hold that, our trial courts being courts of equity as well as law, there is no reason why such claims should not be sustained in any case in the courts, when, under the evidence adduced on the trial, a court of equity would have held the claim valid.

[3] The eighth, ninth, and tenth assignments complain of the action of the trial court in striking from the claims allowed by the probate court item of $19.85 paid by the guardian for services in burying the father of the minors, $111.25, expenses for casket, robe, etc., used in the burial of the father of the minors. We think the court was not in error in not allowing these items to be paid out of the estate of the minors. These items were not claims against the estates of the minors.

[4] One of appellant's items of expenses for the support and maintenance of the minors, claimed to have been paid to the mother since December 25, 1908, was $480. The trial court allowed $375. The evidence is conflicting, and the court's finding is conclusive. The eleventh assignment, going to that item, is overruled.

[5] We think the court was not in error in charging the guardian interest on the funds of the minors in his hands, where the court found that by the exercise of due diligence he could have loaned the money at the rate of 8 per cent. per annum, but failed to do so. Judge Stayton, in Smythe v. Lumpkin, 62 Tex. 242, said the statute is imperative and the courts have no power to disregard its plain provisions. Assignments 12, 13, and 14 are overruled. What has already been said in disposing of other assignments is sufficient disposition of appellant's remaining assignments.

[6] Appellee filed and presents here 14 cross-assignments of error. Appellant objects to a consideration of these cross-assignments because not filed in trial court, contending that therefore we cannot consider them.

There is no other showing about the matter. The cross-assignments do not have to be copied in the transcript; so, without some other showing that they were not filed in the trial court than the assertion in appellant's supplemental brief, the motion cannot be sustained. Rule 101, District and County Courts (159 S. W. xi).

[7] The first and second cross-assignments assert error in the motion of the trial court in not requiring the guardian to account for more than $2,666.66, as coming into his hands, as fully set out in the first conclusion of law filed by the trial court and his grounds for the court's action there fully stated. There, possibly, could be but little doubt that the entire amount of the judgment obtained in the federal court, which was paid into the registry of that court, became and was the property of the minors charged with the claim of the attorneys who secured the judgment. However that may be, we are of the opinion that inasmuch as the one-third of the amount of the judgment recovered and paid by the guardian to the attorneys was never inventoried and there is no decision, order, or judgment of the probate court in reference to said amount, the guardian could not be charged with the one-third of the amount of the judgment in this proceeding. The first and second cross-assignments are overruled.

The third and fourth cross-assignments seek to charge the guardian with 10 per cent. interest on the surplus funds in his hands, instead of 8 per cent., as allowed by the court in the seventh conclusion of law, on the evidence that 8 per cent. was the rate of interest at which the funds could have been invested by the exercise of diligence. The majority members of this court hold that these assignments should be sustained.

[8] The trial court refused to restate, but allowed the guardian $38.20 and $3 railroad fare and hotel bill incurred by the guardian as shown in the tenth finding of fact and judgment. The majority members hold that these items should not have been allowed because not verified, filed on the claim docket, and allowed by the probate court. Cross-assignments 5 and 6 going to these two items are sustained.

[9] The federal court clerk at Sherman retained the sum of $40.13 as commissions due him in paying to the guardian the money due the minors in the registry of that court, as shown in the trial court's eighth finding of fact. This item the trial court allowed the guardian and refused to restate same. In this, we think there was no error, and cross-assignments 7 and 8 are overruled.

The question presented in cross-assignments 9 and 10 we have passed on. The evidence was conflicting, and the court's finding is supported by the evidence. For the same reason, we overrule cross-assignments 11, 12, 13, and 14.

Adding to the items allowed by the trial court items $38.20 and $3, and calculating the interest on the gross sum at 10 per cent. for the nine years, the amount now retained by the guardian is found to be $2,024.07. Deducting therefrom the $25.44 claimed by the guardian as owing him by the estate and allowed by the trial court, the balance due the estates of the minors by the guardian is found to be $1,998.63.

The judgment of the court below will be reformed accordingly, and, as so reformed, is affirmed.

REYNOLDS, P. J. This is a suit in equity to restrain appellant from removing a building off of two lots in the town of Benoist, St. Francois County. It appears by deed of date July 30th, 1907, that the two lots were conveyed to the Counts Construction Company; that on December 27th, 1910, respondent having loaned to the Counts Construction Company $800, the latter company, to secure the payment of this loan, executed its two deeds of trust on these lots in favor of respondent. The lots at that time had no buildings upon them. These deeds of trust were filed for record and recorded February 3rd, 1911. The trustee acting under these deeds of trust, sold the lots to respondent and duly conveyed them to it by deeds of date August 8th, 1912. It was admitted that the loan to the Counts Construction Company of the $800 above referred to, was to enable that company to erect buildings on the lots. When it commenced to erect them does not appear, but it does appear that it was after December 27th, 1910, and that the Counts Construction Company, on February 3rd, 1911, made a contract with appellant to furnish the lumber and material to be used in the construction of two dwelling houses to be erected on these lots, and appellant, acting under that contract, began the delivery of the lumber and material for these houses on February 3rd, 1911. Afterwards, by warranty deed of February 7th, 1911, the Counts Construction Company transferred the lots to one S. P. Counts, who then was its president. Neither the Counts Construction Company nor S. P. Counts paid appellant for the lumber and material furnished under the above contract for the erection of the buildings, and appellant having in due time filed its statement of account and notice of its claim of a lien against the buildings, and of its intention to bring suit to enforce a mechanics' lien against the two buildings, did so, making S. P. Counts the sole defendant in that proceeding. Judgment was obtained before the justice establishing the lien, a transcript was duly filed in the office of the clerk of the circuit court, execution issued and was placed in the hands of the sheriff, and after due advertisement the sheriff sold the two lots to appellant to satisfy the judgment, and had conveyed the interest of S. P. Counts in them by deed of date June 10th, 1912, to the Miners' Lumber Company, appellant herein. Appellant thereupon began to make arrangements to remove, and was about to remove, the buildings off the lots, when this present action to restrain the removal of the buildings was instituted.

There is no question made as to the regularity of the proceedings under the mechanics' lien, nor to the sale under the deed of trust, the contention on part of respondent being that as the Farmington Equitable Building & Loan Association, respondent here, was not made a party to the lien proceeding, it was not bound by the judgment therein and that appellant had not acquired any title as against it by the proceedings and sale under the mechanics' lien. On the part of appellant the contention is, that it acquired title to the buildings and the right to remove them, under the proceedings, sale and purchase in the mechanics' lien action.

The circuit court found for plaintiff and perpetually enjoined defendant from tearing down or removing the two buildings situated upon the two lots and from taking away the material composing them. From this defendant has duly appealed.

[1] Our statute, section 8221, Revised Statutes 1909, a part of the mechanics' lien law, expressly provides:

"In all suits under this article the parties to the contract shall, and all other persons interested in the * * * property charged with the lien, may be made parties, but such as are not