## HARSTON et al. v. BARTON et al.
### No. 1108.

Court of Civil Appeals of Texas. Waco.
Oct. 22, 1931.

Rehearing Denied Dec. 10, 1931.

John J. Fagan, of Dallas, for appellants.

Smithdeal, Shook, Spence & Bowyer, and Lewis B. Lefkowitz, all of Dallas, for appellees.

GALLAGHER, C. J.

This suit was instituted by appellees, L. N. Barton and Mrs. Hazel Barton Scroggins, joined by her husband, to recover of appellants, Dan Harston, S. D. Smith, and Mrs. Lula Seale as administratrix of the estate of Allen Seale, deceased, certain sums which they alleged said Harston had received as guardian of their estate and had failed to

pay over to them. Appellant Dan Harston was on the 22d day of October, 1919, appointed guardian of the estate of Oran P. Barton, Lee N. Barton, and Hazel Barton. He gave bond as such in the penal sum of $8,000, with S. D. Smith and Allen Seale as sureties. Said guardian, on the 23d of October, 1919, returned an inventory, which showed that he had received in cash the entire estate of his wards. He made a settlement with Oran P. Barton when he became of age and no issue as to his share of the estate is involved herein. Appellees were entitled to the sum of $989.18 each as their respective shares of the money received by the guardian. L. N. Barton became of age September 11, 1924. The guardian made one advancement of $75 to him before he became of age and made further payments to him after he became of age. No final settlement with him, however, was made. Hazel Barton married Joe Scroggins on July 14, 1928. The guardian made her several advancements, amounting in the aggregate to $454, before her marriage. She does not question his right to credit for these advancements. He made no payment to her after her marriage. No proceedings in the probate court after the filing of such inventory were shown. There was testimony, however, that the guardian had been cited several times to file his final report and make final settlement with appellees; that he ignored such citations and wholly failed to file such report.

A trial before the court resulted in a judgment against appellants in favor of L. N. Barton for the sum of $827.97 and in favor of Mrs. Hazel Barton Scroggins for the sum of $1,526.77, from which judgment this appeal is prosecuted.

## Opinion.

Appellants present a proposition in which they contend that the court erred in charging the guardian with interest at the rate of 10 per cent. per annum on the money held by him in trust for his wards, and also in compounding the same. The guardian testified that he accepted the guardianship reluctantly; that his idea was to apply the money belonging to his wards in aiding them to secure an education; that he did so as far as he was able; that there really was not enough of the money to loan at interest and that he never thought of such a thing. He further testified, however, that shortly after his qualification as guardian he used $1,500 of his wards' money to take up his individual note, and that thereafter he carried their money in his individual deposit at the bank. He further testified that settlement was demanded as far back as 1928; that he was in hard circumstances and did not have the money to settle. Article 4189, Revised Statutes, pro-

vides that if the guardian neglects to invest or loan at interest surplus money on hand when he can do so by the use of reasonable diligence, he shall be liable not only for the principal but also for interest thereon at the highest legal rate. The judgment rendered implies a finding by the court that the guardian was negligent in failing to make any effort to loan the money of his wards. He was therefore properly charged with interest on L. N. Barton's share thereof at such rate until he attained his majority, and on Hazel Barton's share thereof at such rate until she married. Reed v. Timmins, 52 Tex. 84, 88 et seq; Yates v. Watson (Tex. Com. App.) 221 S. W. 966, 970, par. 6. The court, however, did err in compounding such interest. Our Supreme Court, in Reed v. Timmins, supra, after full consideration and discussion of the issue, held that interest should not in such cases be compounded. Such holding is in accordance with the general rule where the guardian's default results from a simple neglect of duty. 28 C. J. 1148, § 248, and authorities cited in note 26. No Texas case has been found where such interest was compounded. The court properly limited the interest charge on L. N. Barton's share from the date he attained his majority and on Mrs. Scroggins' share from the date of her marriage, until the trial, on October 27, 1930, to 6 per cent. per annum. Logan v. Gay, 99 Tex. 603, 605, 90 S. W. 861, 92 S. W. 255; Id. (Tex. Civ. App.) 87 S. W. 852, 853. Eliminating the error above discussed in calculating the amount due the wards, respectively, L. N. Barton was entitled to recover only the sum of $766.99 and Mrs. Hazel Scroggins only the sum of $1,281.26.

The judgment of the trial court is so modified, and as modified is affirmed.