**ZAMORA et al. v. GARZA.**

No. 10307.

Court of Civil Appeals of Texas.
San Antonio.
May 18, 1938.

**161**

Kennedy Smith, of Raymondville, and F. G. Garza, of Falfurrias, for appellants.

Crane & Glarner, of Raymondville, for appellee.

MURRAY, Justice.

Pablo Garza was on June 6, 1936, administrator of the estate of one Romulo Garza, deceased, and on that date secured an order of the probate court of Willacy County allowing him a salary of $100.00 per month as extra compensation for extra services performed and to be performed by him.

On July 12, 1936, Pablo Garza died without having been paid this extra compensation, and Carmen Garza was appointed administrator of his estate.

On December 10, 1936, Carmen Garza, as administrator of the estate of Pablo Garza, presented to Porferio Garza, the new administrator of the estate of Romulo Garza, deceased, a claim for said salary and extra compensation, amounting to $2,290.48.

Thereafter, on January 4, 1937, Pablo Garza Zamora and the other appellants herein, filed in the county court their protests and objections to the claim above described.

On January 9, 1937, the protest was disallowed and the claim of appellee, Carmen Garza, administrator, was approved by the county court, notice of appeal was given, and what purported to be an appeal bond was filed.

On July 9, 1937, the District Court of Willacy County entered an order dismissing this attempted appeal from the order allowing the claim for the sum of $2290.48. From this order of dismissal the present appeal is prosecuted.

We are met at the threshold of this appeal by the fact that the bond given for the appeal from the county court to the district court was not signed by any surety while the statute, Art. 3699, R.C.S.1925, requires two or more sureties to such a

bond. The purported bond was not an appeal bond, and the district court, therefore, did not acquire jurisdiction of the cause. Warne v. Jackson, Tex.Civ.App., 230 S. W. 242; Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255; International-Great Northern Ry. Co. v. Smith, Tex.Civ.App., 269 S.W. 886; Texas & P. R. Co. v. Mercantile Co., Tex.Civ.App., 181 S.W. 270.

It is true that the trial judge dismissed this cause for another and different reason, but it makes no difference whether the reason given is a good one or not, so long as the record shows upon its face that there existed a good reason for the action taken by the trial court.

The judgment is affirmed.